STATE OF CONNECTICUT *v.* DAVID OSUCH
(AC 30489)

Bishop, Gruendel and Lavery, Js.

Argued May 27—officially released October 26, 2010

*Jodi Zils Gagne*, special public defender, for the appellant (defendant).

*Richard K. Greenalch, Jr.*, special deputy assistant state's attorney, with whom were *Michael E. O'Hare*, supervisory assistant state's attorney, and, on the brief, *David I. Cohen*, state's attorney, *Courtney Gates-Graceson*, special deputy assistant state's attorney, and *Steven G. Weiss*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, J. The defendant, David Osuch,[1] appeals from the judgment of the trial court dismissing his motion to correct an illegal sentence. On appeal, the defendant claims that the court improperly determined that it did not have jurisdiction to address his motion and that the court should have corrected his sentence because it was based on inaccurate information. Although we agree with the defendant that the court improperly determined that it lacked jurisdiction, we

---

[1] In the five informations and five judgments underlying the sentences on appeal, the defendant's surname is spelled as it appears in the present appeal. We note, however, that his surname was spelled as "O'Such" in prior published opinions. See *State* v. *O'Such*, 74 Conn. App. 906, 815 A.2d 296, cert. denied, 263 Conn. 902, 819 A.2d 838 (2003).

conclude that the doctrine of res judicata bars review of the merits of his claim.

The following facts and procedural history are relevant to our disposition of the defendant's appeal. After being found guilty of burglary in the third degree on five criminal dockets, the defendant was sentenced, on January 30, 2001, to five consecutive four year terms of incarceration by the court. We upheld the convictions on appeal. See *State* v. *O'Such*, 74 Conn. App. 906, 815 A.2d 296, cert. denied, 263 Conn. 902, 819 A.2d 838 (2003).

Subsequently, the defendant filed a petition for a writ of habeas corpus, alleging, inter alia, that the presentence investigation report (report) contained incorrect information,[2] that his counsel was ineffective for failing to review the report with him and that he never met with the probation officer who prepared the report— hence, its inaccuracy. He also claimed that, despite his extensive history of substance abuse, he has never received drug treatment[3] and that he only admitted to the police that he committed one burglary, not five. On November 7, 2006, the court granted the habeas petition in part, restoring the defendant's right to file an application for sentence review. *Osuch* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-03-0004174-S (November 7, 2006). The court denied the

---

[2] The defendant claimed that the report contained numerous inaccuracies that his attorney failed to correct. Specifically, the defendant claimed that the following statements in the report were not accurate: (1) that he had no relationship with his parents until his teenage years; (2) that he presently has no relationship with his father and a limited relationship with his mother; (3) that he had no plans to get an education; (4) that his prescribed psychiatric medications were helping with respect to his paranoia; (5) that he was using drugs at the time of the burglary offenses; and (6) that he was part of a prison gang in 1992.

[3] In direct contradiction to this statement, we note that in the defendant's testimony before the habeas court, he admitted that he was involved in a drug treatment program in 1991 but was discharged after fighting with another client.

petition as to his other claims, including the claims concerning the report. The court deemed not credible the defendant's claim that he never met with the probation officer,[4] as well as his claim that he informed the police that he was involved in only one burglary.

In specifically responding to the defendant's allegations about the report, the court found that the defendant's attorney "read the [report] prior to sentencing and incorporated references to it when he addressed the sentencing court. Further, the sentencing transcript also shows that [the defendant] himself referenced the [report] when he addressed [the court], a fact that belies [the defendant's] testimony before [the habeas] court and further undermines his credibility." Moreover, the court went on to state that, despite the defendant's "assertions to the contrary, the court finds it extremely unlikely that the errors identified in the [report] would have had any bearing or impact on the sentence imposed by the court. Notably, in its remarks justifying the length of the sentence imposed, the court did not rely upon any of the alleged errors in the [report], but rather cited [the defendant's] lengthy criminal history,[5] his decision to go to trial and the nature of the present charges. Thus, [the defendant] has failed to prove how, if at all, any errors in the [report] influenced the sentencing court. The claims pertaining to the errors in the [report] are, therefore, without merit." Thereafter, the

---

[4] The court specifically found that the log book of the Northern Correctional Institution's housing unit indicated that on December 15, 2000, at 8:30 a.m., the probation officer visited the defendant's housing unit for a professional visit. Although the defendant claimed that the court could not infer from this fact that the officer actually met with him, the court noted that the defendant bore the burden of proof in the matter, yet chose, nonetheless, not to call the officer as a witness.

[5] The defendant had sixteen prior criminal convictions, many of which were for offenses similar to the burglaries for which he was sentenced in 2001. On several prior occasions, the defendant had been placed on probation, but each time he violated the conditions, and, thus, the suspended portions of his sentences were put into execution.

defendant appealed following the denial of his petition for certification to appeal from the habeas judgment, and we dismissed the appeal. See *Osuch* v. *Commissioner of Correction*, 111 Conn. App. 135, 957 A.2d 887, cert. denied, 289 Conn. 957, 961 A.2d 420 (2008).

Pursuant to the relief granted by the habeas court's decision, the matter came before the sentence review division (division) for a hearing on the merits on March 25, 2008. Before the division, the defendant argued again that he never saw the report prior to sentencing, that his attorney never reviewed the report with him and that the report contained a number of inaccuracies— the same inaccuracies he had cited to the habeas court. Additionally, he alleged that the report overstated the extent to which he received drug treatment. He contended that if these inaccuracies in the report had been corrected prior to sentencing, it is possible that the sentencing court could have reduced his overall sentence by making the sentences on the individual burglary counts concurrent or by imposing drug treatment during probation, as opposed to a long prison sentence.

The division concluded that "[t]aking into consideration the nature of these crimes, the sentence imposed is neither inappropriate nor disproportionate." Rather, given the defendant's past probation violations and accumulated disciplinary problems while incarcerated, the division found that the defendant's twenty year sentence was appropriate because the defendant "was a career burglar who had been convicted of numerous burglaries in the past." The decision of the division could not be appealed. See *State* v. *Rupar*, 293 Conn. 489, 498, 978 A.2d 502 (2009).

The defendant, however, pursued another procedural avenue in order to contest his sentence. While the habeas judgment was being considered on appeal, the

defendant filed a motion to correct the sentences pursuant to Practice Book § 43-22.[6] A hearing on the motion to correct an illegal sentence was held before the trial court, *Hon. Martin L. Nigro*, judge trial referee, on August 12, 2008.[7]

At the hearing, the defendant again contended that the sentences were imposed in an illegal manner because the report contained inaccuracies—the same inaccuracies previously cited to the habeas court and the division—that the trial court subsequently relied on in sentencing him. He also claimed that he had never met with his probation officer concerning the report and, furthermore, that he had obtained additional evidence in the form of two letters to support his claim. The state, in turn, argued that the trial court lacked jurisdiction to review the motion and that the defendant was estopped from arguing that the court should not rely on the report because, at the time of sentencing, both he and his counsel urged the court to rely on it.

After the attorneys concluded their arguments, the trial court considered whether it had jurisdiction to rule on the motion to correct pursuant to Practice Book § 43-22. Finding that the sentence was legal and well within the sentencing parameters, the court stated that "[t]he sentences are not incorrect in that they did not exceed the possible maximum sentence that could be imposed. And that's the only area where the court is entitled to take jurisdiction." As a result, the court concluded that it did not have jurisdiction to hear the matter and dismissed the defendant's motion to correct. In so

___

[6] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[7] Previously, a hearing was held on July 21, 2008, at which time the court, *Comerford, J.*, denied the motion without prejudice so that it could be heard by Judge Nigro, who was the sentencing judge in the matter.

ordering, however, the court noted that in sentencing the defendant it had taken into account his previous criminal record of similar crimes. It also observed that the defendant might still be able to obtain a correction by way of a habeas petition if he could establish that there was anything false in the report. This appeal followed.

On appeal, the defendant characterizes the court's oral decision on the motion to correct as a denial based on lack of jurisdiction and also as a denial on the merits. Thus, the defendant contends that if we conclude that the court did have jurisdiction to hear the matter, we should then proceed to review his illegal sentence claim on the merits. Although we agree with the defendant that the court improperly dismissed his motion to correct on jurisdictional grounds, the doctrine of res judicata bars consideration of the merits of his claim.

I

We must first discuss the principles of subject matter jurisdiction that guide our resolution of the defendant's claim. "In the absence of statutory or constitutional provisions, the limits of [the trial court's] jurisdiction are delineated by the common law. . . . Although the [trial] court loses jurisdiction over the case when [a] defendant is committed to the custody of the commissioner of correction and begins serving [his] sentence [Practice Book] § 43-22 embodies a common-law exception that permits the trial court to correct an illegal sentence or other illegal disposition [or it may correct a sentence imposed in an illegal manner]. . . . Thus, if the defendant cannot demonstrate that his motion to correct falls within the purview of [Practice Book] § 43-22, the court lacks jurisdiction to entertain it." (Citations omitted; internal quotation marks omitted.) *State* v. *Lewis*, 108 Conn. App. 486, 488, 948 A.2d 389 (2008). Our determination of whether a motion to correct falls

within the scope of Practice Book § 43-22 is a question of law and, thus, our review is plenary. See id.

The defendant does not argue that the court imposed an illegal sentence. "An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Internal quotation marks omitted.) *State* v. *McNellis*, 15 Conn. App. 416, 443–44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988). Rather, the defendant argues that his sentence was imposed in an "illegal manner." "Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violates defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on *accurate information* or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Emphasis added; internal quotation marks omitted.) Id., 444.

Although the defendant's motion is entitled a motion to correct an illegal sentence, the defendant's claim falls squarely within the foregoing "illegal manner" definition. He alleges that the court relied on inaccurate information in sentencing him in 2001 based on a report that was prepared by a probation officer who never met with him. Accordingly, the defendant contends that he was denied the right to be sentenced by a judge who was relying on accurate information. We conclude that the defendant is entitled to file this motion under Practice Book § 43-22 and that the court possessed jurisdiction to entertain it.

II

Despite our determination that the court improperly dismissed the defendant's motion on jurisdictional

grounds, we must decline the defendant's invitation to address the merits of his claim on appeal. We conclude that the doctrine of res judicata bars the defendant's claim. See *Massey* v. *Branford*, 119 Conn. App. 453, 464–65, 988 A.2d 370, cert. denied, 295 Conn. 921, 991 A.2d 565 (2010).

On appeal, the state claims that the trial court's dismissal of the defendant's petition for a writ of habeas corpus and his motion for sentence review were judgments on the merits and that his motion to correct an illegal sentence was therefore barred by the doctrine of res judicata. The defendant, in turn, claims that the issues on appeal are not barred by the doctrine of res judicata because he presented new evidence to the trial court when he filed his motion to correct an illegal sentence.

Although the state did not explicitly designate the doctrine of res judicata as an alternate ground for affirmance of the trial court's decision, we conclude that res judicata provides this court with an alternate ground to affirm. Practice Book § 63-4 (a) (1) states that an appellee who "wishes to (A) present for review alternate grounds upon which the judgment may be affirmed . . . shall file a preliminary statement of issues within twenty days from the filing of the appellant's preliminary statement of the issues." This court is not precluded, however, from reviewing an alternate ground that was not raised in accordance with Practice Book § 63-4 (a) (1) (A) so long as the appellant will not be prejudiced by consideration of that ground for affirmance. See Practice Book § 63-4 (a) (1) ("[w]henever the failure to identify an issue in a preliminary statement of issues prejudices an opposing party, the court may refuse to consider such issue").

Although the state did not explicitly characterize res judicata as an alternate ground for affirmance, it raised

the issue in its brief, and the defendant had an adequate opportunity to respond, and did so, in his reply brief. Given that the defendant was able to address the issue, it is appropriate for this court to consider res judicata as an alternate ground for affirmance. See *Gerardi* v. *Bridgeport*, 294 Conn. 461, 466, 985 A.2d 328 (2010).

"[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim . . . [or any claim based on the same operative facts that] might have been made." (Internal quotation marks omitted.) *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 43, 694 A.2d 1246 (1997). "A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Internal quotation marks omitted.) *Davis* v. *Commissioner of Correction*, 109 Conn. App. 92, 96, 950 A.2d 587, cert. denied, 289 Conn. 930, 958 A.2d 157 (2008). "[T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding . . . ." (Internal quotation marks omitted.) *Connecticut National Bank* v. *Rytman*, supra, 43–44.

We must determine, therefore, whether the claim raised by the defendant in his motion to correct an illegal sentence was already litigated and determined in an earlier proceeding. The applicability of res judicata principles depends on whether the present claim is sufficiently similar to the previous claim to warrant our giving preclusive effect to the prior judgment. See *State* v. *Richardson*, 86 Conn. App. 32, 38, 860 A.2d 272 (2004), cert. denied, 273 Conn. 907, 868 A.2d 748, cert. denied,

545 U.S. 1107, 125 S. Ct. 2550, 162 L. Ed. 2d 281 (2005). We conclude that the defendant's claim, regarding the allegedly inaccurate report prepared by a probation officer who had never met with the defendant, is the same claim that both the habeas court and the division had previously considered and decided on the merits through the issuance of final judgments.[8] Thus, the doctrine of res judicata bars the defendant from reasserting his claim on appeal.[9]

Finally, we are cognizant of the general rule that res judicata must be specially pleaded. *Zizka* v. *Water*

[8] As we have previously stated, the habeas court specifically concluded that the defendant failed to prove how any of the alleged inaccuracies in the report influenced the sentencing court. Furthermore, the division found that the defendant's twenty year sentence was appropriate because the defendant was a career burglar who had been convicted of numerous residential burglaries. In arriving at its conclusion, the division rejected the defendant's argument regarding the sentencing court's reliance on the allegedly inaccurate report.

[9] Both in its brief and at oral argument, the state argues that we should "sua sponte" determine that the doctrine of res judicata bars the defendant from reasserting his claim on appeal. In his reply brief, as well as at oral argument, the defendant claims that he presented new evidence to the court, in the form of two letters, and that this new evidence supports his contention that the probation officer prepared an inaccurate report, which the sentencing court improperly relied on when sentencing the defendant. Consequently, the defendant asserts that this situation is analogous to successive habeas petitions, where res judicata does not apply when a petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition. Even if this analogy was appropriate, we reject this claim because the defendant has failed to make a showing that his allegedly new evidence was not reasonably available, with the exercise of due diligence, both at the habeas court proceeding and, subsequently, at the sentence review division. Furthermore, these new letters do nothing to refute the earlier finding of the habeas court that the defendant failed to prove how any of the alleged inaccuracies in the report influenced the sentencing court or the division's determination that the sentence was appropriate because he was a career criminal.

We also note that given these arguments, it is clear that the state raised the issue of res judicata and the defendant responded to that issue in his reply brief. Thus, we are not deciding this case on a ground that the parties did not raise or brief before us. Cf. *Sabrowski* v. *Sabrowski*, 282 Conn. 556, 560, 923 A.2d 686 (reversing Appellate Court's judgment rendered on basis of issue parties never raised, briefed, argued), aff'd after remand, 105 Conn. App. 49, 935 A.2d 1037 (2007); *Lynch* v. *Granby Holdings, Inc.*, 230 Conn.

*Pollution Control Authority*, 195 Conn. 682, 687, 490 A.2d 509 (1985). "This general rule, however, yields when . . . the circumstances reveal that a remand would simply set judicial wheels unnecessarily spinning, only to remain at the same end of the road." (Internal quotation marks omitted.) *Tucker* v. *Pace Investments Associates*, 32 Conn. App. 384, 629 A.2d 470, cert. denied, 228 Conn. 906, 634 A.2d 299 (1993), cert. denied, 510 U.S. 1196, 114 S. Ct. 1305, 127 L. Ed. 2d 657 (1994).

In this case, the preclusive effects of res judicata are so patently applicable that a remand to the trial court would be inefficient as it could only lead to the same result we reach here. We conclude, therefore, that the doctrine of res judicata bars the defendant's motion to correct an illegal sentence. Application of the doctrine by this court effectuates public policy by promoting judicial economy and avoiding inconsistent judgments. See *Honan* v. *Dimyan*, 63 Conn. App. 702, 706 n.10, 778 A.2d 989, cert. denied, 258 Conn. 942, 786 A.2d 430 (2001).

In sum, we conclude that the trial court improperly determined that it lacked jurisdiction to entertain the defendant's motion to correct an illegal sentence. We note, however, that "[an appellate court] can sustain a right decision although it may have been placed on a wrong ground." (Internal quotation marks omitted.) *LaBow* v. *LaBow*, 69 Conn. App. 760, 761 n.2, 796 A.2d 592, cert. denied, 261 Conn. 903, 802 A.2d 853 (2002). We also conclude that the doctrine of res judicata bars the defendant's claim.

The form of the judgment is improper, the judgment dismissing the motion to correct an illegal sentence for lack of subject matter jurisdiction is set aside and the

95, 99, 644 A.2d 325 (1994) (parties improperly deprived of opportunity to brief issue when court addressed issue sua sponte).

case is remanded with direction to render judgment denying the motion.

In this opinion the other judges concurred.