******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# STATE OF CONNECTICUT *v.* GARY ALAN PECOR
## (AC 39613)

Lavine, Bright and Flynn, Js.

*Syllabus*

The defendant, who previously had been convicted on a guilty plea of the crime of robbery in the second degree, appealed to this court from the trial court's dismissal of his motion to correct an illegal sentence. The trial court initially had sentenced the defendant to a definite period of incarceration of two years followed by a period of eight years of special parole. In September, 2014, following a motion to correct an illegal sentence filed by the defendant, the trial court vacated the defendant's sentence and resentenced him to two years and one day of incarceration, followed by seven years and 364 days of special parole. Subsequently, the defendant filed a second motion to correct an illegal sentence, in which he claimed, inter alia, that the court did not have jurisdiction to modify the two years of incarceration to which he was originally sentenced because that was not an illegal sentence, and that the court was permitted to modify only the illegal portion of the sentence, namely, the eight years of special parole. Additionally, he claimed that the new sentence violated his constitutional right against double jeopardy. The trial court rendered judgment dismissing the defendant's second motion to correct an illegal sentence, determining that because the defendant was collaterally attacking its September, 2014 judgment, the claim was moot and, thus, that it lacked subject matter jurisdiction to address the defendant's claims. *Held*:

1. The trial court improperly determined that it lacked jurisdiction to address the defendant's motion to correct an illegal sentence; because the court could have granted the defendant relief by correcting the alleged illegal sentence that had been imposed in September, 2014, the issue was not moot, and the court's conclusion that it lacked subject matter jurisdiction because the defendant was collaterally estopped from claiming that his new sentence was illegal was incorrect, as the doctrine of collateral estoppel did not implicate the trial court's subject matter jurisdiction.

2. The state could not prevail on its claim that the defendant's claims were barred by the doctrine of res judicata, as the claims regarding the new sentence imposed in September, 2014, were not fully and fairly litigated prior to the imposition of that new sentence: although the defendant's original sentence was found to be illegal in September, 2014, a new sentence was imposed at that time, and the defendant's challenge to that sentence as illegal had not been considered and decided on the merits when the defendant later filed his second motion to correct an illegal sentence; furthermore, the defendant's claim that he was being deprived of his liberty unconstitutionally was of such import that it should be heard on its merits and not ignored because it could have been raised at an earlier proceeding, and res judicata did not preclude the defendant's claims because an illegal sentence is always capable of correction in the interest of justice.

3. This court declined to address the merits of the defendant's motion to correct an illegal sentence on appeal, in which he alleged that the trial court, by imposing an additional day of incarceration to the definite period of incarceration that he already had completed, violated his constitutional rights to due process and against double jeopardy: although the defendant's double jeopardy claim ostensibly presented a question of law, there were factual findings that could be relevant to the resolution of that claim, the issue had not been properly briefed and there was an insufficient factual record to determine whether the defendant's due process rights were violated, which involved a factual issue of whether the defendant had engaged in wrongdoing that could not be resolved by this court; accordingly, the case was remanded for a hearing on the merits of the defendant's motion to correct.

Argued November 16, 2017—officially released February 27, 2018

*Procedural History*

Substitute information charging the defendant with the crime of robbery in the second degree, brought to the Superior Court in the judicial district of Danbury, where the defendant was presented to the court, *Cobb, J.*, on a plea of guilty; judgment of guilty in accordance with the plea; thereafter, the court, *Shaban, J.*, dismissed the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Reversed; further proceedings*.

*Michael K. Courtney*, public defender, for the appellant (defendant).

*Matthew A. Weiner*, assistant state's attorney, with whom, on the brief, was *Stephen J. Sedensky III*, state's attorney, for the appellee (state).

*Opinion*

BRIGHT, J. The defendant, Gary Alan Pecor, appeals from the judgment of the trial court dismissing his motion to correct an illegal sentence. On appeal, the defendant claims that the court improperly determined that it did not have jurisdiction to address his motion to correct. He also claims that this court should find, as matter of law, that his sentence is illegal and remand the case to the trial court with direction to resentence him as he has requested. The state agrees that the trial court incorrectly dismissed the defendant's motion to correct, but argues that the defendant's claim of illegality is barred by the doctrine of res judicata. The state asks this court to reverse the judgment of the trial court and remand the case with instruction that the court deny the defendant's motion, or, in the alternative, that this court remand the case to the trial court for a hearing on the merits. We agree with the parties that the trial court erred in dismissing the defendant's motion for lack of subject matter jurisdiction. We disagree, though, that res judicata precludes the defendant's claim. We also disagree with the defendant that we should address the merits of his claim on the basis of the record before us. Accordingly, we reverse the judgment of the trial court, and remand the case for a hearing on the merits of the defendant's motion to correct an illegal sentence.

The following facts and procedural history are relevant to our resolution of the defendant's claim on appeal. On June 7, 2011, the defendant pleaded guilty under the *Alford* doctrine[1] to robbery in the second degree in violation of General Statutes § 53a-135. The factual basis for the plea was that, on March 4, 2011, the defendant attempted to steal a beef tenderloin from a supermarket in Brookfield. When the supermarket's employees attempted to detain him, he displayed a knife in an effort to escape. Pursuant to the plea agreement, the trial court sentenced the defendant to a definite period of incarceration of two years followed by a period of eight years of special parole. The two years of incarceration were to run concurrently with the sentence that the defendant then was serving on an unrelated conviction.

On May 7, 2013, the defendant filed a motion to correct an illegal sentence.[2] The defendant claimed that the sentence imposed by the court on June 7, 2011, was illegal because he had been sentenced to a period of special parole without receiving a definite sentence of more than two years in violation of General Statutes § 54-125e (a).[3] See *State* v. *Boyd*, 272 Conn. 72, 78, 861 A.2d 1155 (2004) ("[s]ection 54-125e [a] applies only to defendants who have received a definite sentence of *more than* two years followed by a period of special parole" [emphasis added; internal quotation marks omitted]).

Following a series of continuances, and a reclaim of the defendant's motion to correct, the trial court conducted a hearing on September 12, 2014. Although the defendant withdrew his motion the previous day, the state indicated to the trial court that the court still was required to correct the illegal sentence. At the hearing, the state acknowledged that the defendant's sentence was illegal, and it proposed that the court simply resentence the defendant to two years and one day of incarceration followed by seven years and 364 days of special parole. Defense counsel stated that he believed that the court could restructure the defendant's sentence in that manner, although he believed that the court was required to afford the defendant the opportunity to withdraw his guilty plea.

Rejecting defense counsel's argument that it was required to permit the defendant to withdraw his guilty plea, the court vacated the defendant's sentence and resentenced him to two years and one day of incarceration, followed by seven years and 364 days of special parole.[4] The defendant received sentence credit for all of the time that he previously had served. There was no appeal taken from the court's judgment.

On January 15, 2016, approximately sixteen months after the defendant was resentenced, he filed a second motion to correct an illegal sentence. In his second motion, the defendant challenged the sentence imposed on September 12, 2014, claiming that because the two years of incarceration to which he was originally sentenced was not an illegal sentence, the court did not have jurisdiction to modify it. The defendant argued that the court was permitted to modify only the illegal portion of the sentence, the eight years of special parole. Additionally, the defendant claimed that by sentencing him to an additional day of incarceration after he had completed his definite sentence of two years incarceration, the trial court violated his constitutional right against double jeopardy. The state, in a written objection to the defendant's motion in the trial court, claimed that (1) the matter previously was decided on September 12, 2014, and (2) the court did not have jurisdiction over the motion because the court imposed a legal sentence on September 12, 2014, from which the defendant did not appeal.

On March 11, 2016, the court conducted a hearing. At the hearing, the state argued that the defendant should have taken an appeal from the court's judgment on September 12, 2014. Defense counsel argued that the defendant was challenging the sentence imposed on September 12, 2014, on the ground that the court improperly increased the defendant's sentence by sentencing him to an additional day of incarceration after he had completed the original sentence of two years of incarceration. Defense counsel disagreed with the state's contention that an appeal needed to be taken

from the court's previous judgment, stating that "the Practice Book doesn't require an appeal to be taken, if the sentence is illegal . . . . It's illegal today; it's illegal ten years from now."

The court issued a written decision on the defendant's motion to correct on July 6, 2016. The court reasoned that the defendant's motion essentially sought reconsideration of the court's judgment on September 12, 2014. The court reasoned that "[t]hrough his motion, the defendant attempts to collaterally attack the court's [September 12, 2014 judgment]. However, the defendant is collaterally estopped from doing so." The court concluded that the issue, therefore, was moot because its "prior [judgment] already [had] addressed the defendant's challenge to the legality of his original sentence." Accordingly, the court determined that it lacked subject matter jurisdiction, and it dismissed the motion to correct an illegal sentence. This appeal followed.

I

The defendant contends that the trial court improperly determined that it did not have jurisdiction to address his motion to correct. The state now agrees with the defendant, and so do we.

"[T]he jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act. . . . Practice Book § 43-22, which provides the trial court with such authority, provides that [t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner. An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . We previously have noted that a defendant may challenge his or her criminal sentence on the ground that it is illegal by raising the issue on direct appeal or by filing a motion pursuant to . . . § 43-22 with the judicial authority, namely, the trial court. . . . [B]oth the trial court, and this court, on appeal, have the power, at any time, to correct a sentence that is illegal. . . . [T]he issue is one of law, and we afford it plenary review." (Citations omitted; internal quotation marks omitted.) *State* v. *Ruiz*, 173 Conn. App. 608, 616–17, 164 A.3d 837 (2017).

In the present case, the trial court understood the defendant's motion to be a collateral attack on the court's September 12, 2014 judgment. The defendant, however, explained that he was not collaterally attacking the judgment that held that his original sentence had been illegal, but, rather, he was challenging the new sentence imposed on September 12, 2014, and

the manner in which it was imposed. He specifically argued that the court improperly modified the legally correct part of his sentence and had violated his right against double jeopardy by sentencing him to an additional day of incarceration after he already had completed the definite portion of his sentence. The defendant argued that his claims appropriately were brought pursuant to Practice Book § 43-22. The trial court, however, determined that the claim was moot, and it dismissed the motion to correct.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . It is well settled that [a]n issue is moot when the court can no longer grant any practical relief." (Citation omitted; internal quotation marks omitted.) *Middlebury* v. *Connecticut Siting Council*, 326 Conn. 40, 53–54, 161 A.3d 537 (2017). Additionally, we recognize that "the doctrine of collateral estoppel does not implicate a court's subject matter jurisdiction." *State* v. *T.D.*, 286 Conn. 353, 360 n.6, 944 A.2d 288 (2008).

Here, the court could have granted the defendant relief by correcting the alleged illegal sentence that had been imposed on September 12, 2014. Therefore, the issue was not moot. Furthermore, the court's conclusion that it lacked subject matter jurisdiction because the defendant was collaterally estopped from claiming that his new sentence was illegal was incorrect. See id. Accordingly, the court improperly dismissed the defendant's motion to correct for lack of subject matter jurisdiction.

## II

Although the state concedes that the trial court improperly concluded that it lacked subject matter jurisdiction to address the merits of the defendant's motion to correct, it argues that this court should conclude that the defendant's claims are barred by the doctrine of res judicata. The state, therefore, asks this court to remand the case with direction to the trial court to deny the defendant's motion to correct an illegal sentence. Because we conclude that the defendant's claims are not barred by the doctrine of res judicata, we decline the state's invitation.

"Res judicata is a judicial doctrine . . . designed to inhibit the ability of a plaintiff to litigate the same question over and over again, encumbering the mechanisms our society has established to resolve disputes . . . . At the same time, our Supreme Court has instructed that this doctrine of preclusion should be flexible and must give way when [its] mechanical application would frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal controversies. . . . For that reason, the scope of matters precluded necessarily depends on

what has occurred in the former adjudication. . . .

"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter [that] was offered to sustain the claim, but also as to any other admissible matter [that] might have been offered for that purpose. . . . Nonetheless, in applying the doctrine of res judicata to a [criminal] defendant's constitutional claim, special policy considerations must be taken into account. The interest in achieving finality in criminal proceedings must be balanced against the interest in assuring that no individual is deprived of his liberty in violation of his constitutional rights. . . . Whether two claims in a criminal case are the same for the purposes of res judicata should therefore be considered in a practical frame and viewed with an eye to all the circumstances of the proceedings. . . . Because the doctrine has dramatic consequences for the party against whom it is applied . . . we should be careful that the effect of the doctrine does not work an injustice." (Citations omitted; internal quotation marks omitted.) *State* v. *Brundage*, 148 Conn. App. 550, 561–62, 87 A.3d 582 (2014), aff'd, 320 Conn. 740, 135 A.3d 697 (2016).

"We must determine, therefore, whether the claim raised by the defendant in his motion to correct an illegal sentence was already litigated and determined in an earlier proceeding. The applicability of res judicata principles depends on whether the present claim is sufficiently similar to the previous claim to warrant our giving preclusive effect to the prior judgment." *State* v. *Osuch*, 124 Conn. App. 572, 581, 5 A.3d 976, cert. denied, 299 Conn. 918, 10 A.3d 1052 (2010).

During the hearing on September 12, 2014, defense counsel conceded that the court *would* be permitted to sentence the defendant to an additional day of incarceration, provided that the court allowed the defendant the opportunity to withdraw his plea. In the second motion to correct an illegal sentence, the defendant argued that the court, under any circumstance, could not modify his sentence in this way. Instead, he claimed that because a portion of his original sentence—two years of incarceration—was a legal sentence, the court had no jurisdiction or authority to modify it, and could only strike the special parole portion of the sentence, which was illegal because the incarceration portion of the sentence did not exceed two years. Furthermore, he claimed that the court violated the prohibition against double jeopardy by adding an additional day of incarceration to the definite sentence of incarceration that he already had completed.

Although the state contends that these claims are barred by res judicata, we conclude that the claims regarding the new sentence imposed on September 12,

2014, were not fully and fairly litigated prior to the imposition of that new sentence.

In support of its argument, the state relies on this court's decision in *State* v. *Osuch*, supra, 124 Conn. App. 572. We conclude that such reliance is misplaced. In *Osuch*, the defendant challenged his original sentence for a third time on the basis of the same claim that the presentence investigation report contained incorrect information. Id., 582. This court concluded that the defendant's claim in his motion to correct an illegal sentence was barred by the doctrine of res judicata because it was "the same claim that both the habeas court and the [sentence review] division had previously considered and decided on the merits through the issuance of final judgments." Id.

In the present case, the defendant's claim that the sentence imposed on September 12, 2014, is illegal was not previously considered and decided on the merits. Although the defendant's *original sentence* was found to be illegal on September 12, 2014, *a new sentence* was imposed on that date. A challenge to that sentence had not been considered and decided on the merits when the defendant filed his motion to correct an illegal sentence on January 15, 2016. Moreover, applying the doctrine to the defendant's claim would work an injustice. The defendant's claim involves his having been resentenced to an additional day of incarceration, after he had been released from custody and after completing the definite period of incarceration. A claim by a defendant that he is being deprived of his liberty unconstitutionally is of such import that it should be heard on its merits and not ignored because it could have been raised at an earlier proceeding. Accordingly, we conclude that the defendant's claims in his motion to correct an illegal sentence are not barred by the doctrine of res judicata.

This court's decision in *State* v. *Gaskin*, 7 Conn. App. 131, 508 A.2d 40 (1986), further supports our conclusion in the present case. In *Gaskin*, the trial court had granted the defendant's motion to correct an illegal sentence, and the state did not appeal from that judgment. Id., 133, 135. Several months after the court rendered judgment, the state moved to correct the amended sentence, claiming that the defendant's original sentence was not illegal. Id., 133. The trial court denied the motion, and the state appealed. Id. On appeal, the defendant claimed that the state's motion was improper because the state should have appealed from the judgment of the trial court granting his motion to correct. Id., 135.

This court rejected the defendant's claim, stating that "[t]he defendant categorizes the state's motion as a transparent device to relitigate issues now res judicata, and to resurrect rights to appeal now expired. Practice Book § [43-22], however, expressly provides that [t]he

judicial authority may *at any time* correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner. . . . An illegal sentence is always capable of correction in the interest of justice." (Emphasis in original; footnote omitted; internal quotation marks omitted.) Id., 135–36. In this case, the state takes the same position that it argued against in *Gaskin*. Nevertheless, the principle remains the same: "An illegal sentence is always capable of correction in the interest of justice." Id., 136. Therefore, res judicata does not preclude the defendant's claims.

### III

Having concluded that the trial court incorrectly dismissed the defendant's motion, and that the defendant's claims are not barred by the doctrine of res judicata, we now consider the proper remedy. The defendant requests that we address the merits of his motion to correct an illegal sentence and remand this case to the trial court with direction to resentence him to the original sentence of two years incarceration that he already has served and eliminate the special parole portion of the sentence. The state, however, requests that we remand the case to the trial court with direction to hold a hearing on the merits of the defendant's claims. We conclude that the state's requested remedy is more appropriate under the circumstances of this case.

"Although this court, on appeal, has the power, at any time, to correct a sentence that is illegal, we may decline to do so when the record is not adequate for review. When presented with an inadequate record, we are precluded from reviewing the claim on appeal. . . . It is not an appropriate function of this court, when presented with an inadequate record, to speculate . . . or to presume error from a silent record." (Footnote omitted; internal quotation marks omitted.) *State* v. *Abraham*, 152 Conn. App. 709, 731, 99 A.3d 1258 (2014).

Although the defendant's double jeopardy claim ostensibly presents a question of law, we conclude that there are factual findings that may be relevant to the resolution of his claim. Therefore, we decline to address the merits of the defendant's claim on appeal.

First, the state did not argue the merits of the defendant's claims in the trial court, and the issue received only cursory attention in its appellate brief. Second, the trial court only briefly addressed the merits of the defendant's claim, and it did not make factual findings. In particular, the record is not clear as to whether the defendant had completed the definite portion of his sentence when he filed his May, 2013 motion to correct an illegal sentence, which might affect the court's conclusion as to whether the defendant had a reasonable expectation of finality in connection with the defendant's double jeopardy argument. See, e.g., *State* v.

*Wade*, 178 Conn. App. 459, 465,    A.3d    (2017) ("[e]ven if the defendant had raised claims that challenged only some of the counts under which he had been convicted, the fact that he exercised his right to an appeal undermines his argument to an expectation of finality in the sentence originally imposed" [internal quotation marks omitted]), cert. denied, 327 Conn. 1002,    A.3d    (2018).

Third, we question whether double jeopardy is the correct lens through which to examine the defendant's claim, in light of our Supreme Court's decision in *State v. Tabone*, 292 Conn. 417, 973 A.2d 74 (2009). The defendant's principal claim is that the trial court, by imposing an additional day of incarceration to the definite period of incarceration that the defendant already had completed, violated the double jeopardy clause of the fifth amendment to the United States constitution. In *State v. Tabone*, supra, 292 Conn. 426, 430–31, our Supreme Court addressed a similar claim under the due process clauses of the federal and state constitutions. The court reaffirmed the guiding principle that a defendant's due process rights are not violated when the court corrects an illegal sentence, so long as the new sentence is not more severe than the original sentence. Id., 428. Applying that principle to the present case, we have serious concerns about a purportedly corrective sentence that increased the defendant's period of incarceration, even if only by one day.

Nevertheless, the issue has not been properly briefed and there is an insufficient factual record for us to determine whether the defendant's due process rights were violated. As the defendant recognized in his motion to correct, whether the defendant's due process rights have been violated may depend, in part, on whether the defendant engaged in some wrongdoing in order to obtain the illegal sentence. While the defendant claims that such a conclusion would be ludicrous, it is nonetheless a factual issue that we are not in a position to resolve. In light of these issues, we conclude that the trial court is in a better position to address fully the defendant's constitutional claims. Therefore, we decline to address the merits of the defendant's motion to correct, and, accordingly, we remand the case to the trial court for a hearing on the merits of the defendant's motion to correct an illegal sentence.

The judgment is reversed, and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The record is not clear as to whether the defendant had completed the definite period of incarceration when he filed the motion to correct.

[3] General Statutes § 54-125e (a) applies to "[a]ny person convicted of a crime committed on or after October 1, 1998, who received a definite sentence of more than two years followed by a period of special parole . . . ."

[4] Although the court signed the defendant's motion to correct an illegal sentence on September 12, 2014, after it had been withdrawn by the defen-

dant on September 11, 2014, and the judgment file reflects that the court granted the defendant's motion, it is clear from the record that the court corrected the defendant's illegal sentence in accordance with the state's oral request, after acknowledging that the defendant had withdrawn his motion.

---