******************************************************

The "officially released" date that appears near the
beginning of an opinion is the date the opinion will be
published in the Connecticut Law Journal or the date it
is released as a slip opinion. The operative date for the
beginning of all time periods for the filing of postopinion
motions and petitions for certification is the "officially
released" date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecti-
cut Law Journal and subsequently in the Connecticut
Reports or Connecticut Appellate Reports. In the event
of discrepancies between the advance release version of
an opinion and the version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is
to be considered authoritative.

The syllabus and procedural history accompanying an
opinion that appear in the Connecticut Law Journal and
subsequently in the Connecticut Reports or Connecticut
Appellate Reports are copyrighted by the Secretary of the
State, State of Connecticut, and may not be reproduced
or distributed without the express written permission of
the Commission on Official Legal Publications, Judicial
Branch, State of Connecticut.

******************************************************

## MICHAEL FESTA *v.* WATERTOWN POLICE DEPARTMENT ET AL.
### (AC 48572)

Alvord, Suarez and Seeley, Js.

*Syllabus*

The plaintiffs appealed from the trial court's judgment dismissing their action alleging negligence by the defendant town and its chief of police. They claimed that the court improperly granted the defendants' motion to dismiss on the grounds of res judicata and collateral estoppel. *Held*:

The trial court improperly granted the defendant's motion to dismiss on the grounds of res judicata and collateral estoppel, as neither doctrine implicates the court's subject matter jurisdiction and, thus, the defendants' motion to dismiss was not the proper procedural vehicle to adjudicate the applicability of those doctrines.

Argued February 18—officially released June 9, 2026

*Procedural History*

Action to recover damages for negligence, and for other relief, brought to the Superior Court in the judicial district of Waterbury, where MyHoopty.com, LLC, was cited in as a party plaintiff; thereafter, the plaintiffs withdrew their claims against the named defendant; subsequently, the court, *Shaban, J.*, granted the motion to dismiss filed by the defendant town of Watertown et al. and rendered judgment thereon, from which the plaintiffs appealed to this court. *Reversed*; *further proceedings*.

*Matthew C. Eagan*, for the appellants (plaintiffs).

*Alan R. Dembiczak*, for the appellees (defendant town of Watertown et al.).

*Opinion*

SUAREZ, J. The plaintiffs, MyHoopty.com, LLC (MyHoopty), and Michael Festa,[1] appeal from the judgment of the trial court dismissing, on the grounds of res

---

[1]This action originally was commenced by Festa only. On August 3, 2023, Festa filed a motion to cite in an additional party, MyHoopty.com, LLC, as a party plaintiff. The court granted the motion on August 7,

judicata and collateral estoppel, their action alleging negligence by the defendant town of Watertown (town) and the defendant Joshua Bernegger, the chief of police for the Watertown Police Department.[2] On appeal, the plaintiffs claim that the court improperly granted the defendants' motion to dismiss. Specifically, the plaintiffs argue that the court improperly dismissed the action because res judicata and collateral estoppel are not properly raised in a motion to dismiss and do not implicate a court's subject matter jurisdiction. We agree and, accordingly, reverse the judgment of the court.

The following facts, as alleged by the plaintiffs in the amended complaint dated December 10, 2024 (operative complaint), and procedural history are relevant to our resolution of this appeal. MyHoopty is a towing company located in Watertown.[3] In 2021, the plaintiffs filed a prior action against the defendants and the Watertown Police Department. See *MyHoopty.com, LLC* v. *Watertown*, Superior Court, judicial district of Waterbury, Docket No. CV-21-6062791-S (prior action). In that action, MyHoopty alleged breach of contract and tortious interference with business relations, both plaintiffs alleged fraudulent inducement of a business contract, and Festa alleged intentional infliction of emotional distress, negligent infliction of emotional distress, and deprivation of his civil rights pursuant to General Statutes § 52-571a. See id. Specifically, the plaintiffs in the prior action alleged, inter alia, that MyHoopty was improperly removed from the town's "municipal tower list" (tow list).

2023. We therefore refer to MyHoopty.com, LLC, and Festa collectively as the plaintiffs and individually by name when appropriate.

[2] The Watertown Police Department was originally named as a defendant, but the claims asserted against that defendant were previously withdrawn. Accordingly, all references in this opinion to the defendants are to the town and Bernegger.

[3] In his original complaint in the present action, Festa alleged that he is the sole member of MyHoopty and that he runs its everyday operations.

The defendants in the prior action filed a motion for summary judgment, asserting that "(1) [the town] [was] entitled to governmental immunity as to the breach of contract claims and intentional and negligent infliction of emotional distress claims; (2) [Bernegger] [was] entitled to qualified immunity as to the breach of contract claims and intentional and negligent infliction of emotional distress claims; (3) [Bernegger] [was] not a signatory to the contracts and, therefore, the claims of breach of contract fail[ed]; (4) [Bernegger] [could not] be sued in his individual capacity; (5) [MyHoopty's] breach of contract claims fail[ed] as [it] [could not] establish damages; and (6) [Festa's] [claim] of deprivation of [his] civil rights fail[ed] as [Bernegger] is a governmental employee and, therefore, [Festa] cannot bring a class of one claim." On May 28, 2024, the court, *Massicotte, J.*, granted the motion for summary judgment in the prior action and rendered judgment thereon.[4]

On January 6, 2023, Festa commenced the present action. See footnote 1 of this opinion. In the operative complaint, the plaintiffs alleged that, in retaliation for the filing of the prior action, the defendants "coerced [MyHoopty] and its employees to violate the release provisions required by General Statutes (Rev. to 2023) § 14-145b."[5] Specifically, the plaintiffs alleged that certain police officers repeatedly had instructed them to

---

[4]The court rendered summary judgment in favor of the defendants in the prior action on several grounds, including, inter alia, that Bernegger was entitled to absolute and/or statutory immunity with respect to certain claims and that the plaintiffs failed to put forth sufficient evidence to create a genuine issue of material fact vis-à-vis certain other claims.

[5]General Statutes (Rev. to 2023) § 14-145b (b), which was repealed effective October 1, 2025, provides: "When a vehicle has been towed or removed pursuant to sections 14-145 to 14-145c, inclusive, it shall be released to its owner, a lending institution or a person authorized by the owner or lending institution to regain possession, upon demand, provided the demand is made between the hours of 8:00 a.m. and 5:00 p.m., Monday through Friday or at a reasonable time on Saturday, Sunday or holidays and the owner or authorized person presents proof of registration and pays the costs of towing or removal and of storage."

Hereinafter, unless otherwise indicated, all references to § 14-145b in this opinion are to the 2023 revision of the statute.

release vehicles that had been towed to owners when the documentation provided by the owners did not meet the requirements under § 14-145b. The plaintiffs further alleged that, "[a]s a result of the actions of the defendants, the [plaintiffs have] suffered . . . economic damages, loss of reputation, and loss of business goodwill."

On December 19, 2024, after the court in the prior action rendered summary judgment in favor of the defendants, the defendants in the present case filed a motion to dismiss the operative complaint on the grounds that the plaintiffs' claims were barred by the doctrines of res judicata and collateral estoppel.[6] In their memorandum

[6]"Under the doctrine of res judicata [or claim preclusion], a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim. . . . In order for res judicata to apply, four elements must be met: (1) the [prior] judgment must have been rendered on the merits by a court of competent jurisdiction; (2) the parties to the prior and subsequent actions must be the same or in privity; (3) there must have been an adequate opportunity [in the prior action] to litigate the [omitted claim] fully; and (4) the same underlying claim must be at issue. . . . [T]he essential concept of the modern rule of [res judicata] is that a judgment against [a party] is preclusive not simply when it is on the merits but when the procedure in the first action afforded [the party] a fair opportunity to get to the merits. . . .

"Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . .

"An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent [on] the determination of the issue, the parties may relitigate the issue in a subsequent action. . . . Before collateral estoppel applies [however] there must be an identity of issues between the prior and subsequent proceedings. To invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding. . . . In other words, collateral estoppel has no application in the absence of an identical issue. . . . Further, an overlap in issues does not necessitate a finding of identity of issues for the purposes of

of law in support of their motion to dismiss, the defendants argued that "it is undisputed that summary judgment granted in the defendants' favor was rendered on the merits by a court of competent jurisdiction. Next, it is undisputed that the parties to the two actions are the same. The named plaintiffs and defendants in both actions are identical. Moreover, it is undisputed that there was an adequate opportunity to litigate the matter fully before a competent jurisdiction. . . . Lastly, it is undisputed that the same underlying claim is at issue. Both suits allege claims of negligence against the same defendants in connection with the plaintiffs' towing business and interactions with the Watertown Police [Department]." The defendants stated that, "[a]s a result of the foregoing, the plaintiffs' [operative] complaint is barred by res judicata and collateral estoppel, depriving this court of jurisdiction to hear the claim." In addition to submitting a memorandum of law in support of the motion to dismiss, the defendants attached as an exhibit the May 28, 2024 order from the court in the prior action, in which the court granted the defendants' motion for summary judgment in that action.

The plaintiffs filed an objection to the defendants' motion to dismiss, arguing that their claims were not barred by res judicata because both the claims and the parties in the present action differed from those in the prior action. The plaintiffs further argued that collateral estoppel did not bar their claims because the court had not yet adjudicated the "new issues" alleged in the operative complaint. The defendants filed a reply to the plaintiffs' objection on February 4, 2025. The court heard oral argument on the defendants' motion to dismiss on February 19, 2025.

On March 3, 2025, the court, *Shaban, J.*, issued a memorandum of decision granting the motion to dismiss. The court stated that, "[i]n light of the plaintiffs'

collateral estoppel." (Citations omitted; internal quotation marks omitted.) *Manufacturers & Traders Trust Co.* v. *Virgulak*, 233 Conn. App. 329, 346–48, 340 A.3d 521 (2025).

allegations referencing a separate prior action between the parties, the court . . . accepts as fact that the plaintiffs in that action alleged claims of breach of contract, tortious interference with business relations, fraudulent inducement of a business contract, intentional infliction of emotional distress, negligent infliction of emotional distress, and deprivation of civil rights . . . . In that action, they allege[d][that] the defendants removed their towing business from the [tow list]. As to the last three counts of that complaint, the plaintiffs alleged in part that '[t]he defendant[s] engaged in the use of threat or force, in that they interjected in civil matters, threatening [Festa], attempting to place him in a false light to conspire to remove him from the [tow list], threatened to arrest . . . Festa, if he did not release vehicles in violation of . . . § 14-145b (b), and the plaintiff[s][contended] that the [defendants'] conduct, when viewed objectively, was clearly beyond what any reasonable person would have undertaken in similar circumstances.' . . . The plaintiffs also alleged that '[t]he defendant[s] engaged in the use [or] threat [of] force, in that they threatened to arrest . . . Festa if he did not release vehicles in violation of . . . § 14-145b (b).' . . . That case was ultimately resolved by summary judgment in favor of the defendants on May 28, 2024." (Citations omitted.)

The court further stated that, "[i]n this case, the parties are the same as those in the prior case. The plaintiffs' claims in the instant case are based solely on the theory of negligence. While the claims in the prior case were based on theories of breach of contract, tortious interference with business relations, fraudulent inducement of a business contract, intentional infliction of emotional distress, negligent infliction of emotional distress, and deprivation of civil rights . . . they were all based on the same fact pattern as the instant case. Both the prior and instant lawsuits allege claims of negligence in one form or another against the same defendants in connection with the plaintiffs' towing business and interactions with the Watertown Police Department. The plaintiffs had ample opportunity to litigate their claims in the prior action. . . .

The plaintiffs acknowledged at oral argument that both cases alleged negligence on the part of the defendants. . . . Therefore, it is undisputed that the same underlying claim is at issue." (Footnotes omitted.) The court concluded that res judicata barred the plaintiffs' claims because the "facts and issues raised in this matter either were, or could have been, raised and addressed during the pendency of the prior matter."

The court further concluded that collateral estoppel barred the plaintiffs' claims. The court reasoned that "the comparison of the two complaints and the issues raised in each make clear that the plaintiffs' interests were sufficiently represented in that action so that the application of collateral estoppel in the instant action is not inequitable. The plaintiffs in the prior action shared the same legal rights as the plaintiffs in this action. The issues they raise here were fully litigated in the prior action."

Therefore, the court concluded that the "principles of res judicata and collateral estoppel are applicable to this matter" and that, "[t]he issue of jurisdiction having been raised, the plaintiffs [had] failed to meet their burden to establish the court's jurisdiction over the matter." Accordingly, the court rendered judgment dismissing the plaintiffs' action, and this appeal followed.

On appeal, the plaintiffs claim that the court improperly granted the defendants' motion to dismiss. Specifically, the plaintiffs argue that "[n]either res judicata nor collateral estoppel is a proper basis on which to predicate a motion to dismiss for lack of subject matter jurisdiction,"[7] and, therefore, the court improperly dismissed the action on that basis. We agree.

[7]The plaintiffs concede that "they did not raise the argument that res judicata and collateral estoppel are not properly raised in a motion to dismiss [before] the trial court" but contend that "such failure does not preclude them from raising the issue on appeal because the motion to dismiss raises a claim of subject matter jurisdiction." The plaintiffs argue in the alternative that it was plain error for the court to grant the motion to dismiss because "the case law of this court and our Supreme

We begin by setting forth our standard of review and applicable legal principles. Practice Book § 10-30 (a) provides: "A motion to dismiss shall be used to assert: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) insufficiency of process; and (4) insufficiency of service of process." "The standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) *Larmel* v. *Metro North Commuter Railroad Co.*, 200 Conn. App. 660, 668, 240 A.3d 1056 (2020), aff'd, 341 Conn. 332, 267 A.3d 162 (2021). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a [court] has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Emphasis omitted; internal quotation marks omitted.)

Court expressly state that res judicata and collateral estoppel are not appropriately raised in a motion to dismiss."

We conclude that we may review the plaintiffs' claim that the court incorrectly determined that it did not have subject matter jurisdiction over the present action. It is well settled that our review of the court's determination that it lacked subject matter jurisdiction, an issue that may be raised any time, is plenary. See, e.*g.*, *Townsend* v. *Commissioner of Correction*, 226 Conn. App. 313, 326 n.13, 317 A.3d 1147 (2024) (issues that implicate trial court's subject matter jurisdiction "may be raised at any time and . . . [are] not subject to our rules of preservation" (internal quotation marks omitted)). We therefore need not consider whether the plaintiffs' claims constituted plain error.

*McKinnon* v. *Gardner*, 238 Conn. App. 694, 704, A.3d (2026).

Our Supreme Court has stated that "[r]es judicata is not included among the permissible grounds on which to base a motion to dismiss . . . [and] therefore must be asserted as a special defense. . . . It may not be raised by a motion to dismiss. . . . Of course, there is no reason why, in an appropriate case, once the defense of res judicata has been raised the issue may not be resolved by way of summary judgment." (Citations omitted.) *Zizka* v. *Water Pollution Control Authority*, 195 Conn. 682, 687, 490 A.2d 509 (1985). Furthermore, Practice Book § 10-50 provides in relevant part: "Facts which . . . show . . . that the plaintiff[s] ha[ve] no cause of action, must be specially alleged. Thus . . . res judicata must be specially pleaded . . . ." See also, e.g., *Akinyele* v. *Huntington Condominium Assn., Inc.*, 238 Conn. App. 824, 835–36 n.15, A.3d (2026) ("[U]nlike claims implicating subject matter jurisdiction, which may be raised at any time . . . a claim that an action or claim is barred by res judicata or collateral estoppel must be raised in the trial court through appropriate pleadings. . . . Thereafter, res judicata may properly be raised by way of a motion for summary judgment." (Citations omitted; internal quotation marks omitted.)); *Wells Fargo Bank, National Assn.* v. *Doreus*, 218 Conn. App. 77, 80 n.3, 290 A.3d 921 ("a motion to dismiss for lack of subject matter jurisdiction is not a proper vehicle for presentation of a claim that the doctrines of res judicata and collateral estoppel operate to bar an action, as those doctrines do not provide the basis for a judgment of dismissal"), cert. denied, 347 Conn. 904, 297 A.3d 198 (2023).

Similarly, "the doctrine of collateral estoppel does not implicate a court's subject matter jurisdiction. . . . Even when applicable, therefore, collateral estoppel does not mandate dismissal of a case." (Citations omitted.) *State* v. *T.D.*, 286 Conn. 353, 360 n.6, 944 A.2d 288 (2008). Accordingly, "[c]ollateral estoppel, like res judicata, must be specifically pleaded . . . as an affirmative defense . . . ."

(Internal quotation marks omitted.) *Wilcox* v. *Webster Ins., Inc.*, 294 Conn. 206, 222, 982 A.2d 1053 (2009); see also, e.*g.*, *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.*, 195 Conn. 60, 64 n.3, 485 A.2d 1296 (1985) (declining to consider res judicata defense when it was not specially pleaded); *Geremia* v. *Geremia*, 159 Conn. App. 751, 772 n.15, 125 A.3d 549 (2015) (concluding that doctrines of res judicata and collateral estoppel are not proper basis on which to predicate motion to dismiss for lack of subject matter jurisdiction and noting that "[t]hose doctrines properly are raised by motion for summary judgment").

Accordingly, a motion to dismiss is not a proper procedural vehicle to raise the defenses of res judicata or collateral estoppel. See, e.*g.*, *Grant* v. *Bassman*, 221 Conn. 465, 472–73, 604 A.2d 814 (1992) (claim that injured plaintiff made exclusive election of workers' compensation "is properly raised by a special defense" and motion to dismiss was not "the proper procedural vehicle" to plead that "challenge to the plaintiffs' complaint"); *Zizka* v. *Water Pollution Control Authority*, supra, 195 Conn. 687 (special defense "may not be raised by a motion to dismiss"); *Gianetti* v. *Connecticut Newspapers Publishing Co.*, 136 Conn. App. 67, 75, 44 A.3d 191 ("[statute of limitations] defenses are appropriately raised as special defenses . . . and not in motions to dismiss"), cert. denied, 307 Conn. 923, 55 A.3d 567 (2012); *Sullivan* v. *Thorndike*, 104 Conn. App. 297, 309–10, 934 A.2d 827 (2007) (concluding that trial court "improperly based its granting of the defendant's motion to dismiss on the defendant's special defenses"), cert. denied, 285 Conn. 907, 942 A.2d 415 (2008), and cert. denied, 285 Conn. 908, 942 A.2d 416 (2008); *John H. Kolb & Sons, Inc.* v. *G & L Excavating, Inc.*, 76 Conn. App. 599, 606, 821 A.2d 774 (motion to dismiss is improperly granted "when based on a special defense"), cert. denied, 264 Conn. 919, 828 A.2d 617 (2003).

In the present case, the defendants have not filed an answer raising res judicata or collateral estoppel as a

special defense. Rather, they asserted, in a motion to dismiss, that the plaintiffs' claims were "barred by res judicata and collateral estoppel, depriving [the] court of jurisdiction to hear the claim." In their accompanying memorandum of law, they argued, inter alia, that the "plaintiffs [were] attempting to relitigate the same underlying facts issues that were decided upon in the prior proceeding." Accordingly, the defendants maintained that the court should grant "their motion to dismiss the entirety of the [operative] complaint."

We conclude that the court's determination that the doctrines of res judicata and collateral estoppel deprived it of subject matter jurisdiction is incorrect. As stated previously, neither res judicata nor collateral estoppel implicates the court's subject matter jurisdiction. See *Zizka* v. *Water Pollution Control Authority*, supra, 195 Conn. 687. Thus, the defendants' motion to dismiss was not the proper procedural vehicle to adjudicate the applicability of the doctrines of res judicata and/or collateral estoppel. See, e.*g.*, *Labbe* v. *Pension Commission*, 229 Conn. 801, 816, 643 A.2d 1268 (1994) (concluding that res judicata does not provide basis for dismissal but, rather, "it is a special defense that is considered *after* any jurisdictional thresholds are passed" (emphasis added)).

For similar reasons, we reject the defendants' alternative ground for affirmance. The defendants argue that the court's judgment can be affirmed on the alternative ground[8] that "all the facts are undisputed in the trial court record and, therefore, the defendants would be entitled to summary judgment in their favor, as a matter

[8] The defendants did not file a preliminary statement of issues on appeal raising their alternative ground for affirmance pursuant to Practice Book § 63-4 (a) (1) (A). This court is not precluded, however, from reviewing an alternative ground that was not raised pursuant to § 63-4 (a) (1) (A) so long as the appellant will not be prejudiced by consideration of that ground for affirmance. See, e.*g.*, *State* v. *Osuch*, 124 Conn. App. 572, 580–81, 5 A.3d 976, cert. denied, 299 Conn. 918, 10 A.3d 1052 (2010). In the present case, the plaintiffs had an adequate opportunity to respond to the defendants' arguments in their reply brief. Accordingly, it is appropriate for this court to consider the defendants' alternative ground for affirmance. See id.

of law." We decline the defendants' invitation, offered without citation to any relevant authority, to treat their procedurally improper motion to dismiss as a motion for summary judgment.[9]

This court previously has stated that "[a] trial court applies different principles and a different analysis when ruling on a motion to dismiss as opposed to a motion for summary judgment." *Henderson* v. *Lagoudis*, 148 Conn. App. 330, 339, 85 A.3d 53 (2014). "Whereas a motion to dismiss is decided only on the allegations in the complaint and the facts implied from those allegations, summary judgment is decided by looking at *all* of the pleadings, affidavits and documentary evidence presented to the court in support of the motion. The latter standard, therefore, takes account of the facts that have been developed through discovery, rather than merely relying on the plaintiffs' allegations at the outset of the action." (Emphasis in original; internal quotation marks omitted.) *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 120, 891 A.2d 106 (2006). The defendants have not offered any reason as to why this court should depart from these well settled principles. Therefore, the defendants' alternative ground for affirmance is unavailing.

In light of the foregoing, we conclude that the court improperly concluded that it lacked subject matter jurisdiction and dismissed the plaintiffs' action on the grounds of res judicata and collateral estoppel.

The judgment is reversed and the case is remanded with direction to deny the defendants' motion to dismiss and

---

[9]The defendants also maintain that, even if this court agrees with the plaintiffs' argument that the court improperly dismissed the action on the grounds of res judicata and collateral estoppel, any such error would be harmless. In support of this argument, the defendants assert that this court "can affirm the proper result of the trial court for a different reason. . . . [A]ll [of] the facts are undisputed in the trial court record, and, therefore, the defendants would be entitled to summary judgment in their favor, as a matter of law." We conclude that the defendants' harmless error argument is identical to their argument in support of their alternative ground for affirmance, and, accordingly, we need not address that argument separately.

for further proceedings according to law.

In this opinion the other judges concurred.