******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* DARRYL CRENSHAW
(AC 39377)

Lavine, Alvord and Pellegrino, Js.

*Argued January 12—officially released April 25, 2017*

(Appeal from Superior Court, judicial district Hartford,
Dewey, J.)

*David J. Reich*, for the appellant (defendant).

*Rocco A. Chiarenza*, assistant state's attorney, with

whom, on the brief, were *Gail P. Hardy*, state's attorney, *Anthony Bochicchio*, senior assistant state's attorney, and *Dennis O'Connor*, former senior assistant state's attorney, for the appellee (state).

*Opinion*

PELLEGRINO, J. The defendant, Darryl Crenshaw, appeals from the judgment of the trial court resentencing him to a total effective sentence of seventy-eight years imprisonment, on remand from the judgment of the Supreme Court, which had reversed, in part, his conviction of kidnapping in the second degree in violation of General Statutes § 53a-94 (a). On appeal, the defendant claims that the court improperly resentenced him under the aggregate package theory, violating his right to due process of law. Specifically, the defendant argues that because the trial court did not explicitly state on the record at the original sentencing that it was sentencing the defendant under the aggregate package theory, or words to that effect, it violated the defendant's right to due process for the court to adopt the aggregate package theory during resentencing. We disagree, and, therefore, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In connection with the death of the victim, Ashley Peoples, the defendant was charged in two separate informations. In Docket No. HHD-CR-09-0628765-T (Hartford case), the defendant was charged with one count of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) and one count of assault in the third degree in violation of General Statutes § 53a-61 (a) (1) for events that took place in Hartford. In Docket No. HHD-CR-09-0150379-T (Enfield case), the defendant was charged with one count of murder in violation of General Statutes § 53a-54a (a) and one count of kidnapping in the second degree in violation of General Statutes § 53a-94 (a) for events transpiring in Enfield. The conduct giving rise to the charges occurred over a two day period in August, 2008. The two cases were consolidated for trial.

On October 6, 2010, following a trial, the jury found the defendant not guilty of kidnapping in the first degree, but guilty of the lesser included offense of kidnapping in the second degree, and found him guilty on all remaining counts. The court sentenced the defendant to a total effective sentence of seventy-eight years of incarceration.

The defendant appealed his convictions to our Supreme Court, arguing, inter alia, that there was insufficient evidence to support his conviction of two separate counts of kidnapping in the second degree because there was no evidence that the victim was ever free from the defendant's control after her initial abduction.[1] See *State* v. *Crenshaw*, 313 Conn. 69, 92, 95 A.3d 1113 (2014). The court reversed the count of kidnapping in the second degree in the Enfield case, holding that the state adduced sufficient evidence at trial to establish only one kidnapping on August 7 and 8, 2008, which

inevitably resulted in the victim's death. Id., 98. Our Supreme Court then remanded the case to the trial court for resentencing.[2] Id., 98-99.

On remand, following a resentencing hearing, the trial court vacated the sentence for one of the two kidnapping charges and rendered a judgment of acquittal for that count. The trial court then imposed a total effective sentence of seventy-eight years imprisonment by restructuring the defendant's sentence on the remaining kidnapping count. This appeal followed. Additional facts will be set forth as necessary.

We first set forth the applicable standard of review and governing legal principles. Under the aggregate package theory, when a multicount conviction is remanded after one or more of the convictions has been vacated on appeal, the trial court may increase individual sentences on the surviving counts as long as the original total effective sentence is not exceeded. See, e.g., *Pennsylvania* v. *Goldhammer*, 474 U.S. 28, 30, 106 S. Ct. 353, 88 L. Ed. 2d 183 (1985) (per curiam); *United States* v. *Dominguez*, 951 F.2d 412, 416 (1st Cir. 1991), cert. denied sub nom. *Maravilla* v. *United States*, 504 U.S. 917, 112 S. Ct. 1960, 118 L. Ed. 2d 562 (1992). On appeal, "[t]he determination of whether the defendant's new sentence exceeds his original sentence is a question of law over which . . . review is plenary." *State* v. *Tabone*, 292 Conn. 417, 428, 973 A.2d 74 (2009).

"In *State* v. *Raucci*, 21 Conn. App. 557, 563, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990), [this court] adopted the aggregate package theory, which authorizes trial courts, following either a remand from a direct appeal or after the correction of an illegal sentence pursuant to Practice Book . . . § 43-22, to fashion a new sentence to implement [their] original sentencing intent. In *Raucci*, the defendant had been convicted of larceny in the first degree, conspiracy to commit larceny in the first degree, burglary in the third degree and conspiracy to commit burglary in the third degree, and was sentenced to a total effective sentence of not less than fifteen nor more than thirty years imprisonment. Id., 558. On appeal, [this court] vacated the conviction of conspiracy to commit burglary in the third degree on the ground that that conviction had stemmed from the same agreement underlying his conviction of conspiracy to commit larceny and, therefore, violated the prohibition against double jeopardy. Id., 559. After remand, the trial court resentenced the defendant on the three remaining counts so as to reflect its original sentencing intent, and reimposed a total effective sentence of not less than fifteen nor more than thirty years. Id.

"In accordance with the great weight of federal precedent, [this court] adopted the aggregate package theory and affirmed the defendant's new sentence, recognizing that, '[t]he general rationale for this is that the defen-

dant, in appealing his conviction and punishment, has voluntarily called into play the validity of the entire sentencing package, and, thus, the proper remedy is to vacate it in its entirety. More significantly, the original sentencing court is viewed as having imposed individual sentences merely as component parts or building blocks of a larger total punishment for the aggregate convictions, and, thus, to invalidate any part of that package without allowing the court thereafter to review and revise the remaining valid convictions would frustrate the court's sentencing intent.' Id., 562. [This] court also noted that a trial court's power to restructure the aggregate package 'is limited by its original sentencing intent as expressed by the original total effective sentence,' and that 'this power is permissive, not mandatory.' Id., 563. Thus, among its options, the trial court may 'simply eliminate the sentence previously imposed for the vacated conviction, and leave the other sentences intact; or it may reconstruct the sentencing package so as to reach a total effective sentence that is less than the original sentence but more than that effected by the simple elimination of the sentence for the vacated conviction.' Id. Regardless of which option it ultimately chooses, 'the [trial] court may resentence the defendant to achieve a rational, coherent [sentence] in light of the remaining convictions, as long as the revised total effective sentence does not exceed the original.' . . . Id." (Footnote omitted.) *State* v. *Wade*, 297 Conn. 262, 269–70, 998 A.2d 1114 (2010).

Thereafter, in *State* v. *Miranda*, 260 Conn. 93, 794 A.2d 506, cert. denied, 537 U.S. 902, 123 S. Ct. 224, 154 L. Ed. 2d 175 (2002), our Supreme Court endorsed *Raucci* and adopted the aggregate package theory. The court noted that "[i]t is axiomatic that a trial court has wide discretion to tailor a just sentence in order to fit a particular defendant and his crimes, as long as the final sentence falls within the statutory limits. . . . This same wide sentencing discretion equally applies to a trial court's restructuring of a sentencing plan for a defendant who has been convicted in a multiple count case and who faces a permissible range of punishment based on the individual counts. [W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the . . . court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture . . . within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal." (Internal quotation marks omitted.) Id., 130. Accordingly, the court concluded that, under the aggregate package theory, the trial court "may reconstruct the sentence in

any way necessary to ensure that the punishment fits both the crime and the defendant, as long as the final sentence does not exceed [the original sentence]." Id.

In the present case, the defendant argues that the court incorrectly applied the aggregate package theory during his resentencing, in contradiction to Practice Book § 43-10 (6), thereby violating his right to due process of law. In particular, he asserts that the intent of the original sentencing court was not stated clearly on the record, in that the specific phrase "aggregate package approach," or words to that effect, were never used. Accordingly, the defendant argues, the court was barred from applying the aggregate sentencing theory during resentencing because it was contrary to the intent of the original sentencing court.

The following additional facts are relevant to our disposition of this appeal. The original sentence imposed on December 15, 2010, was structured as follows: count one (kidnapping in the second degree)—three years to serve; count two (assault in the third degree)—one year to serve; count three (murder)—sixty years to serve; and count four (kidnapping in the second degree)—fifteen years to serve. The court ordered counts one and two to be served concurrently with one another, but consecutive to counts three and four, for a total effective sentence of seventy-eight years of incarceration.

During the resentencing hearing conducted on April 6, 2015, the defendant argued that the trial court should resentence him by excising the fifteen year sentence that had been imposed on count four, leaving only the three year sentence on the remaining kidnapping conviction, count one, plus the sixty year sentence for count three, and the one year concurrent sentence for count two, for a total effective sentence of sixty-three years incarceration. At the hearing, the defendant argued that the alternative of imposing a seventy-eight year sentence through application of the aggregate package theory would be "prejudicial and unfair."

The court responded that its "intent was always to give a seventy-eight year sentence, regardless of how it broke out," and proceeded to resentence the defendant on the remaining convictions as follows: count one (kidnapping in the second degree)—eighteen years to serve, count two (assault in the third degree)—one year to serve, concurrent with count one; and count three (murder)—sixty years to serve, consecutive to the sentences imposed on counts one and two, for a total effective sentence of seventy-eight years of incarceration.

In essence, the defendant asks this court to hold that whenever a trial court imposes a sentence, it must use the talismanic words "aggregate package approach," or other specific words to that effect, to be able to later

apply the aggregate sentencing theory during resentencing, if required. We refuse to do so. Practice Book § 43-10 (6) requires a sentencing court to "state on the record, in the presence of the defendant, the reasons for the sentence imposed." In no way does § 43-10 (6) require a sentencing court to use the phrase "aggregate package approach," or any other specific phrasing, when using an aggregate package approach. Moreover, we do not interpret *Raucci*, *Miranda*, and their progeny as requiring the use of such talismanic words. Rather, our case law simply requires that the court honor the intent of the original sentencing court when resentencing a defendant, so long as the new sentence does not exceed the original.

In the present case, at the resentencing hearing, the trial court clearly recalled its original sentencing intent, namely, that it intended to impose a total effective sentence of seventy-eight years.[3] The court acted within the confines of our jurisprudence to craft a sentence within the applicable constitutional and statutory limits that fit "both [the] crime and [the] criminal"; (internal quotation marks omitted) *State* v. *Miranda*, supra, 260 Conn. 130; and that did not exceed the original sentence. Accordingly, the defendant's right to due process of law was not violated by the court's application of the aggregate sentencing theory, and the defendant's claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The victim was abducted from a salon in Hartford on the evening of August 7, 2008. The defendant was seen carrying her into his house in Enfield in the early morning hours of August 8. Her body was found by police in the defendant's house on August 10.

[2] The rescript stated as follows: "The judgment in Docket No. HHD-CR-09-0150379-T (Enfield case) is reversed with respect to the count of kidnapping in the second degree and the case is remanded with direction to render a judgment of acquittal on that count; the judgment in Docket No. HHD-CR-09-0150379-T is affirmed in all other respects, the judgment in Docket No. HHD-CR-09-0628765-T (Hartford case) is affirmed, and the case is remanded for resentencing in accordance with law on the conviction of murder in Docket No. HHD-CR-09-0150379-T and the conviction of assault in the third degree and kidnapping in the second degree in Docket No. HHD-CR-09-0628765-T." *State* v. *Crenshaw*, supra, 313 Conn. 98–99.

[3] We also note that the court that imposed the original sentence also presided over the resentencing hearing. In the context of this case, it would be most imprudent for this court to second-guess the court's decision regarding its own original sentencing intent.