******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.*
CHRISTOPHER COLEMAN
(AC 42911)

Alvord, Prescott and Moll, Js.

*Syllabus*

The defendant, who had been convicted, on a plea of guilty, of the crimes of promoting a minor in an obscene performance, risk of injury to a child, sexual assault in the second degree, possession of child pornography, and cruelty to persons, appealed to this court, challenging the sentence imposed by the trial court following the court's granting of his motion to correct an illegal sentence. The defendant originally received a total effective sentence of nine years of imprisonment, which would run consecutively to a sentence he was then serving, followed by twenty-five years of special parole. He claimed that his sentence on the conviction of sexual assault in the second degree, one year of imprisonment followed by twenty-five years of special parole, exceeded the statutory (§ 53a-35a) maximum twenty year term of imprisonment applicable to that offense. The court resentenced the defendant by restructuring his sentence to consist of the same total effective sentence of nine years of imprisonment followed by twenty-five years of special parole that he had agreed to in his plea bargain. On appeal, the defendant claimed that his newly imposed sentence violated the multiple punishment prohibition of the double jeopardy clause as well as his rights to due process and that the court lacked jurisdiction to resentence him. The state conceded that the portion of the defendant's new sentence, imposing an eleven year period of special parole on the charge of promoting a minor in an obscene performance, illegally exceeded the statutory (§ 54-125e (c)) maximum ten year special parole limitation. *Held*:

1. The defendant's resentencing did not violate double jeopardy, as his overall sentence had not expired, and the trial court was thus free to restructure the entire sentencing package; the defendant provided no authority for his argument that the legal portion of his sentence should have been bifurcated from the illegal term of special parole, the resentence did nothing more than place the defendant in the same position he originally occupied when he entered his guilty plea, and, as the defendant was still serving his original sentence at the time of resentencing, he had not obtained an expectation of finality in his sentence.

2. The defendant could not prevail on his claim that the trial court lacked jurisdiction to resentence him; the defendant invoked the jurisdiction of the court by filing a motion to correct his sentence, and the court restructured his sentence before the total effective sentence had expired.

3. The defendant's resentencing did not violate his constitutional rights to due process, as he was resentenced to the same total effective sentence and not to a longer term of imprisonment or a longer combined sentence.

4. The trial court's imposition of an eleven year period of special parole for the charge of promoting a minor in an obscene performance exceeded the ten year maximum limit set forth in § 54-125e (c) and, thus, the defendant was entitled to resentencing.

Argued October 21, 2020—officially released May 25, 2021

*Procedural History*

Substitute information charging the defendant with multiple counts of the crimes of promoting a minor in an obscene performance, risk of injury to a child, sexual assault in the second degree, possession of child pornography, and sexual assault in the first degree, and one count of the crime of cruelty to persons, brought to the Superior Court in the judicial district of Fairfield, where the defendant was presented to the court, *Damiani, J.*, on a plea of guilty of two counts of risk of injury

to a child and one count each of promoting a minor in an obscene performance, sexual assault in the second degree, possession of child pornography, and cruelty to persons; judgment of guilty in accordance with the plea; thereafter, the court, *Hon. Robert J. Devlin, Jr.*, judge trial referee granted the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Reversed*; *further proceedings*.

*Judie Marshall*, for the appellant (defendant).

*Linda F. Currie-Zeffiro*, senior assistant state's attorney, with whom, on the brief, were *Joseph T. Corradino*, state's attorney, and *C. Robert Satti, Jr.*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

ALVORD, J. The defendant, Christopher Coleman, appeals from the judgment of the trial court granting his motion to correct an illegal sentence and imposing a new sentence. On appeal, the defendant claims that (1) his newly imposed sentence violates the multiple punishment prohibition of the double jeopardy clause of the fifth amendment to the United States constitution and the Connecticut constitution[1] because he had completed the lawful portion of his sentence at the time of his resentencing, (2) the court lacked jurisdiction to resentence him after the lawful portion of his sentence had been served, and (3) the newly imposed sentence violated his due process rights under the federal and state constitutions. We disagree with the defendant's claims.

The state, in its appellate brief, concedes that the defendant's new sentence is illegal because the court imposed an eleven year period of special parole on the charge of promoting a minor in an obscene performance, which exceeds the ten year special parole limitation set forth in General Statutes § 54-125e (c). The defendant agrees and, in his reply brief, argues that this court has the authority to correct the defendant's sentence. We agree with the parties that the defendant's new sentence is illegal and, accordingly, we reverse the judgment of the trial court and remand the case for resentencing.

The record reflects the following procedural history that is relevant to this appeal. On June 12, 2003, pursuant to a plea agreement, the defendant pleaded guilty under the *Alford* doctrine[2] to one count of promoting a minor in an obscene performance in violation of General Statutes § 53a-196b, two counts of risk of injury to a child in violation of General Statutes (Rev. to 2001) § 53-21 (a) (1), one count of sexual assault in the second degree in violation of General Statutes (Rev. to 2001) § 53a-71 (a) (1), one count of possession of child pornography in violation of General Statutes (Rev. to 2001) § 53a-196d, and one count of cruelty to persons in violation of General Statutes (Rev. to 2001) § 53-20.

On July 15, 2003, the parties appeared before the trial court, *Damiani*, *J.* The court first noted that "[t]he agreed upon sentence . . . was nine years in jail to run consecutive to his present sentence, followed by twenty-five years of special parole." The court offered the parties the opportunity to be heard and then sentenced the defendant as follows: (1) for the charge of promoting a minor in an obscene performance, nine years of imprisonment, (2) for the charge of risk of injury to a child, nine years of imprisonment, (3) for the charge of risk of injury to a child, nine years of imprisonment, (4) for the charge of sexual assault in the second degree, one year of imprisonment, nine

months of which was mandatory, followed by twenty-five years of special parole, (5) for the charge of possession of child pornography, five years of imprisonment, and (6) for the charge of cruelty to persons, one year of imprisonment. The trial court ordered the sentences to run concurrently, resulting in a total effective sentence of nine years of imprisonment, nine months of which was mandatory, followed by twenty-five years of special parole. The sentence was ordered to run consecutively to a sentence that the defendant was already serving.

On November 19, 2018, the defendant filed a motion to correct his sentence pursuant to Practice Book § 43-22.[3] In his motion, he argued that his sentence was illegal because the total sentence imposed for the charge of sexual assault in the second degree, one year of imprisonment followed by twenty-five years of special parole, exceeded the statutory maximum penalty available for that offense.[4] The defendant cited *State* v. *Tabone*, 279 Conn. 527, 533, 902 A.2d 1058 (2006), in which our Supreme Court concluded that a sentence in which the total length of the term of imprisonment and period of special parole combined exceeds the maximum sentence of imprisonment violates General Statutes § 54-128 (c).[5]

On December 19, 2018, the parties appeared before the court, *Devlin*, *J.*, on the motion to correct. The court stated: "We discussed this in chambers, and I think there are problems with the sentence that Judge Damiani imposed." Noting that the parties wished to file memoranda, the court continued the matter to January 30, 2019.

On January 22, 2019, the state filed a memorandum of law in opposition to the defendant's motion to correct an illegal sentence. The state agreed that the original sentence was illegal, pursuant to *State* v. *Tabone*, supra, 279 Conn. 533, but contended that the court had "the authority under the aggregate sentencing theory to resentence the defendant to the same sentence that Judge Damiani did in 2003."[6]

On January 28, 2019, the defendant filed an amended motion to correct an illegal sentence, dated January 16, 2019. In his motion, he argued that his sentence was illegal "in that the one year of incarceration that he received on the charge of sexual assault in the second degree does not render him eligible for any period of special parole whatsoever," pursuant to General Statutes § 54-125e (a).[7] He alleged that § 54-125e (a) "supplies the trial court's statutory authority to impose special parole [and] expressly conditions that authority on the receipt of a 'definite sentence of more than two years' . . . ." The defendant maintained that resentencing him to apportion the special parole among the other charges "(1) violates the [d]ouble [j]eopardy [c]lauses of the state and federal constitutions, (2)

exceeds the trial court's jurisdiction, and (3) violates the [d]ue [p]rocess [c]lauses of the state and federal constitutions." The defendant requested that the court strike the period of special parole imposed.

The court, *Devlin, J.*, held argument on the motion on January 30, 2019. At the conclusion of oral argument, the court, noting that both parties agreed that the sentence imposed was "not in conformance with the statutory structure," set the matter down for a resentencing. The court stated: "And in the resentencing it will either be the suggestion made by the defense, which is essentially [to] vacate the special parole order and then essentially transform the sentence into a nine year flat sentence. Or attempt to, if possible, implement this aggregate package theory to try and, if not achieve, approximate what Judge Damiani intended, which was the agreed sentence of nine years followed by twenty-five years of special parole."

On March 8, 2019, the state filed a supplemental memorandum of law in opposition to the defendant's amended motion to correct an illegal sentence. In its supplemental memorandum, the state argued that double jeopardy did not preclude a resentencing because the defendant had not completed his sentence. Next, the state argued that the "defendant bargained for and received what he asked for—a [nine] year jail sentence and [twenty-five] years of special parole," and that a defendant's due process rights are not violated when the court corrects an illegal sentence, so long as the new sentence is not more severe than the original sentence. Finally, the state argued that the court retained jurisdiction to correct the defendant's sentence. The state requested that the court "restructure the sentences to reflect the original intent of Judge Damiani by resentencing the defendant to the same total effective sentence."

The parties again appeared before the court, *Devlin, J.*, on March 13, 2019. Following additional oral argument, the court determined that the defendant's sentence of one year of incarceration followed by twenty-five years of special parole was illegal and granted the defendant's motion to correct. The court noted that "this was part of a plea agreement in which [the defendant] agreed to a total sentence of nine years followed by twenty-five years of special parole. The manner in which the court sought to implement that agreed sentence was illegal, but there's nothing illegal about a plea bargain of nine years followed by twenty-five years of special parole."

The court vacated the defendant's sentence and, in an effort to achieve the same total effective sentence that Judge Damiani had imposed, resentenced him to the following: (1) for the charge of promoting a minor in an obscene performance, three years of imprisonment, followed by eleven years of special parole, (2) for the

charge of risk of injury to a child, three years of imprisonment, followed by seven years of special parole, (3) for the charge of risk of injury to a child, three years of imprisonment, followed by seven years of special parole, (4) for the charge of sexual assault in the second degree, one year of imprisonment, (5) for the charge of possession of child pornography, five years of imprisonment, and (6) for the charge of cruelty to persons, five years of imprisonment. The court ordered the sentences on the first three counts, which all involved special parole, to run consecutively to each other. It ordered the sentences on the last three counts to run concurrent with each other and concurrent with the effective sentence on the first three counts. The result was a total effective sentence of nine years of incarceration, followed by twenty-five years of special parole. This appeal followed.

I

The defendant first claims on appeal that the court's restructuring of his sentence violates the multiple punishment prohibition of the double jeopardy clause because, at the time of resentencing, he "had fully served his sentences for each count of his conviction with the exception of the illegally imposed special parole portion of his sentence for sexual assault in the second degree." The defendant maintains that, "[w]hile courts are free to restructure sentencing packages under an aggregate theory without offending the multiple punishment principles of double jeopardy, the exception is that the overall sentence must not be expired. In this case, the defendant had already served the entirety of the *legal* portion of his definite sentence." (Emphasis in original; footnote omitted.) Accordingly, the defendant maintains that "[e]liminating the unlawful period of special parole is the only appropriate remedy in this case . . . ." We disagree with the defendant.

We first set forth our standard of review and applicable legal principles. "[C]aims of double jeopardy involving multiple punishments present a question of law to which we afford plenary review. . . . The fifth amendment to the United States constitution provides in relevant part: No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . .[8] The double jeopardy clause of the fifth amendment is made applicable to the states through the due process clause of the fourteenth amendment. . . .

"We have recognized that the [d]ouble [j]eopardy [c]lause consists of several protections: It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. . . . It is the third protection that is implicated in this appeal.

"It is well established that resentencing a defendant

does not trigger double jeopardy concerns when the original sentence was illegal or erroneous. . . . Jeopardy does not attach until the avenues for challenging the validity of a sentence have been exhausted, and, therefore, resentencing has repeatedly been held not to involve double jeopardy when the first sentence was, for some reason, erroneous or inconclusive. . . . Sentencing should not be a game in which a wrong move by the judge means immunity for the prisoner. . . .

"In the specific context of a remand for resentencing when a defendant successfully challenges one portion of a sentencing package, the United States Supreme Court has held that a trial court may resentence a defendant on his conviction of the other crimes without offending the double jeopardy clause of the United States constitution. . . . Indeed, the resentencing court is free to restructure the defendant's entire sentencing package, even for those components assigned to convictions that have been fully served, as long as the overall term has not expired, without offending double jeopardy." (Citations omitted; footnote added; internal quotation marks omitted.) *State* v. *Tabone*, 292 Conn. 417, 439–41, 973 A.2d 74 (2009).

In *State* v. *Tabone*, supra, 292 Conn. 421, the defendant, pursuant to a plea agreement, pleaded guilty under the *Alford* doctrine to sexual assault in the second degree, sexual assault in the third degree, and risk of injury to a child. The defendant was sentenced to a total effective sentence of ten years of imprisonment followed by ten years of special parole. Id., 422. The defendant filed a motion to correct his sentence for sexual assault in the second degree, which sentence was ten years of imprisonment followed by ten years of special parole. Id. The court denied his motion. Id., 424. On appeal, our Supreme Court concluded that the defendant's sentence violated § 54-128 (c), in that it exceeded the maximum term of imprisonment authorized for sexual assault in the second degree. Id. The court remanded the matter for resentencing in accordance with *State* v. *Raucci*, 21 Conn. App. 557, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990), and *State* v. *Miranda*, 260 Conn. 93, 127–30, 794 A.2d 506, cert. denied, 537 U.S. 902, 123 S. Ct. 224, 154 L. Ed. 2d 175 (2002). *State* v. *Tabone*, supra, 292 Conn. 424.

On remand in *Tabone*, the trial court "first recognized that *State* v. *Raucci*, supra, 21 Conn. App. 557, and *State* v. *Miranda*, supra, 260 Conn. 93, were applicable to the defendant's sentence, and therefore, [our Supreme Court] had authorized it to impose a sentence closely approximating the defendant's original sentence, which had included a period of supervised release by way of special parole, provided that it did not exceed the parameters imposed by the original sentence. . . . [T]he trial court imposed a total effective sentence of twenty years incarceration, execution suspended after

ten years, with ten years of probation.[9] Specifically, the defendant was sentenced as follows: (1) for sexual assault in the second degree, ten years incarceration; (2) for sexual assault in the third degree, five years incarceration, execution suspended, with ten years of probation, to run consecutively to count one; (3) for risk of injury to a child, five years incarceration, execution suspended, with ten years of probation, to run consecutively to counts one and two." (Footnote added and footnote omitted.) *State* v. *Tabone*, supra, 292 Conn. 425–26.

On appeal after remand, the defendant claimed that his new sentence was illegal "because the ten year period of probation unconstitutionally enlarged his original sentence in violation of his due process rights under the federal and state constitutions." Id., 426. He argued that, "because the terms of incarceration following violations of probation and special parole are calculated differently, he could be exposed to a significantly longer period of incarceration from a probation violation than from a violation of special parole, thereby exceeding the confines of his original sentence." Id.

Our Supreme Court in *State* v. *Tabone*, supra, 292 Conn. 427, first set forth legal principles applicable to a remand for resentencing in a case involving multiple convictions. It stated: "[T]he trial court is limited by the confines of the original sentence in accordance with the aggregate package theory set forth in *State* v. *Raucci*, supra, 21 Conn. App. 563, and later adopted by [our Supreme Court] in *State* v. *Miranda*, supra, 260 Conn. 129–30. In *Miranda*, this court recognized that the defendant, in appealing his conviction and punishment, has voluntarily called into play the validity of the entire sentencing package, and, thus, the proper remedy is to vacate it in its entirety. More significantly, the original sentencing court is viewed as having imposed individual sentences merely as component parts or building blocks of a larger total punishment for the aggregate convictions and, thus, to invalidate any part of that package without allowing the court thereafter to review and revise the remaining valid convictions would frustrate the court's sentencing intent. . . . Accordingly, the [resentencing] court's power under these circumstances is limited by its original sentencing intent as expressed by the original total effective sentence . . . . It may, therefore, simply eliminate the sentence previously imposed for the vacated conviction, and leave the other sentences intact; or it may reconstruct the sentencing package so as to reach a total effective sentence that is less than the original sentence but more than that effected by the simple elimination of the sentence for the vacated conviction. The guiding principle is that the court may resentence the defendant to achieve a rational, coherent [sentence] in light of the remaining convictions, as long as the revised total effective sentence does not exceed the

original." (Citations omitted; internal quotation marks omitted.) *State* v. *Tabone*, supra, 292 Conn. 427–28.

Applying these principles, our Supreme Court determined that the trial court's substitution of a period of probation for the period of special parole originally imposed exceeded the defendant's original sentence[10] and, therefore, violated his due process rights. Id., 428–31. Accordingly, it remanded the case for resentencing in accordance with the aggregate package theory. Id., 431.

The court next turned to the defendant's claim that the resentencing on his convictions for sexual assault in the third degree and risk of injury to a child violated the guarantee against double jeopardy under the United States and Connecticut constitutions. Id., 438–39. Specifically, he argued that, because he had been sentenced to five years of incarceration, execution suspended, and five years of special parole on each of those counts, to be served concurrently, he had served those sentences prior to resentencing. Id., 439. As argued by the defendant, because his new sentence included components related to the conviction on those counts, his double jeopardy rights against multiple punishments were violated. Id.

The court in *Tabone* rejected the defendant's argument, determining that "[t]he fact that certain component parts of the total sentence had 'expired' [was] irrelevant." Id., 442. It concluded that the "trial court was free to refashion the entire sentence for each of the crimes within the confines of the original package without violating double jeopardy, as long as the entire sentence had not been fully served." Id. The court further explained that, because "the defendant's sentences all had been vacated as a result of his successful challenges to them . . . [r]esentencing . . . did nothing more than place the defendant in the same position he originally had occupied when he entered his guilty plea." (Citation omitted; internal quotation marks omitted.) Id.

In the present case, the defendant recognizes that, pursuant to *State* v. *Tabone*, supra, 292 Conn. 441, a court may restructure a sentencing package, even where component parts of the sentence had expired, without violating double jeopardy principles. He contends, however, that the overall sentence in the present case has expired because all that remained was the "illegal" portion of his sentence. His argument rests on a bifurcation of the legal portion of his sentence from the illegal term of special parole. He has not, however, provided this court with any authority suggesting that we must view his total effective sentence in a bifurcated manner. Although in *State* v. *Tabone*, supra, 292 Conn. 442, the lawful portion of the defendant's sentence had not expired, we disagree that this factual distinction renders *Tabone*'s guidance inapplicable to the pres-

ent case.[11]

The following additional considerations support our conclusion that the defendant's resentencing did not violate double jeopardy principles. First, the sentence that the court sought to approximate was a sentence to which the defendant had agreed. Second, as conceded by the defendant's counsel during oral argument before this court, the trial court at the time of the defendant's sentencing in 2003, lawfully could have imposed a total effective sentence of nine years of incarceration followed by twenty-five years of special parole. In other words, there was a possible sentencing structure by which the defendant lawfully could have received the sentence to which he agreed in 2003, and that the court ultimately imposed during his resentencing in 2019. Thus, in resentencing the defendant to the same total effective sentence to which he originally agreed, the court did nothing more than "place the defendant in the same position he originally had occupied when he entered his guilty plea." See id.

Furthermore, we consider whether the defendant acquired a legitimate expectation of finality in his sentence, a concept underlying double jeopardy concerns. See *United States* v. *Triestman*, 178 F.3d 624, 630 (2d Cir. 1999) ("[t]he [d]ouble [j]eopardy [c]lause generally prohibits courts from enhancing a defendant's sentence once the defendant has developed a legitimate expectation of finality in the original sentence" (internal quotation marks omitted)). The collective facts of the present case suggest that the defendant did not attain an expectation of finality in his sentence. At the time of his resentencing, he was still serving his original sentence—a sentence to which he had agreed. Additionally, the defendant's exercise of his right to file a motion to correct his sentence undermines any argument as to an expectation of finality in the sentence originally imposed. See *State* v. *LaFleur*, 156 Conn. App. 289, 310, 113 A.3d 472 (defendant's exercise of right to appeal undermined argument of expectation of finality in sentence originally imposed), cert. denied, 317 Conn. 906, 114 A.3d 1221 (2015). The defendant was successful in undermining a portion of his sentencing package, and the legal consequence of doing so resulted in a resentencing proceeding at which his sentence was restructured in accordance with the defendant's plea agreement and the 2003 court's sentencing intent as expressed by the original total effective sentence.

Accordingly, we conclude that because the defendant's overall sentence had not expired, the court was permitted to restructure the entire sentencing package and, thus, the resentencing in the present case did not violate the defendant's right against double jeopardy.

II

The defendant's second claim on appeal, which is

closely related to his first claim, is that the trial court had the jurisdiction "to correct the [defendant's] illegal sentence" but that it "lacked jurisdiction to restructure and impose a new sentence because the lawful portion of the defendant's sentence had been fully served." Specifically, he argues that "[t]here is nothing remaining of the lawfully imposed sentence to restructure, and, therefore, there is no basis for the court to retain jurisdiction." He argues that the "only remedy available to the court due to jurisdictional issues is to vacate the defendant's twenty-five year period of special parole while leaving the remainder of the original sentence intact." The state responds that, "in light of the fact that his overall agreed upon sentence, including the period of special parole, had not expired, the defendant himself invoked the jurisdiction of the trial court by filing a motion to correct an illegal sentence. Once the trial court granted that motion, because the defendant's entire sentence had not expired, it retained jurisdiction to resentence the defendant, on every offense to which he had pleaded guilty . . . ." (Emphasis omitted.) We agree with the state.

We first set forth our standard of review and applicable legal principles. "The issue of whether a defendant's claim may be brought by way of a motion to correct an illegal sentence, pursuant to Practice Book § 43-22, involves a determination of the trial court's subject matter jurisdiction and, as such, presents a question of law over which our review is plenary. . . .

"The Superior Court is a constitutional court of general jurisdiction. In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law. . . . It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment before the sentence has been executed. . . . This is so because the court loses jurisdiction over the case when the defendant is committed to the custody of the [C]ommissioner of [C]orrection and begins serving the sentence. . . . Because it is well established that the jurisdiction of the trial court terminates once a defendant has been sentenced, a trial court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act." (Citation omitted; footnote omitted; internal quotation marks omitted.) *State* v. *Vivo*, 197 Conn. App. 363, 368–69, 231 A.3d 1255 (2020).

"Although the [trial] court loses jurisdiction over [a] case when [a] defendant is committed to the custody of the [C]ommissioner of [C]orrection and begins serving [his] sentence . . . [Practice Book] § 43-22 embodies a common-law exception that permits the trial court to correct an illegal sentence or other illegal disposition. . . . Thus, if the defendant cannot demonstrate that his motion to correct falls within the purview of § 43-

22, the court lacks jurisdiction to entertain it. . . . [I]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding [itself] . . . must be the subject of the attack. . . .

"Connecticut courts have considered four categories of claims pursuant to [Practice Book] § 43-22. The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable. . . . [I]f a defendant's claim falls within one of these four categories the trial court has jurisdiction to modify a sentence after it has commenced. . . . If the claim is not within one of these categories, then the court must dismiss the claim for a lack of jurisdiction and not consider its merits." (Citations omitted; internal quotation marks omitted.) *State* v. *St. Louis*, 146 Conn. App. 461, 466–67, 76 A.3d 753, cert. denied, 310 Conn. 961, 82 A.3d 628 (2013).

The defendant relies on two cases in support of his claim that the court lacked jurisdiction to restructure and impose a new sentence.[12] In *State* v. *Reid*, 277 Conn. 764, 771, 894 A.2d 963 (2006), the defendant filed a motion to withdraw his guilty plea, alleging, inter alia, violations of his right to due process. Noting that at the time he filed the motion to withdraw his plea, the defendant had not only begun serving his sentence but had completed it and been released, our Supreme Court concluded that the trial court lacked jurisdiction to hear and adjudicate the defendant's motion to withdraw his guilty plea. Id., 775–76. Similarly, *State* v. *DeVivo*, 106 Conn. App. 641, 643–44, 942 A.2d 1066 (2008), involved a defendant's motion to vacate his guilty plea, which was filed following the completion of his sentence and probation. This court concluded that the trial court properly determined that it lacked jurisdiction to consider the merits of the defendant's motion. Id., 648.

*Reid* and *DeVivo* are distinguishable from the present case, in that both involved motions to withdraw guilty pleas. Pursuant to Practice Book § 39-26, "[a] defendant may not withdraw his or her guilty plea after the conclusion of the proceeding at which the sentence was imposed." Thus, our Supreme Court concluded in *Reid* that, "in the absence of a legislative or constitutional grant of continuing jurisdiction, the trial court lost jurisdiction . . . when the defendant was taken in execution of his sentence and transferred to the custody of the [C]ommissioner of [C]orrection." *State* v. *Reid*, supra, 277 Conn. 774. Accordingly, for purposes of determining whether the trial court had jurisdiction

over the motion to withdraw his plea, the determinative time frame was when the defendant was taken in execution of his sentence. See id., 775. As noted previously, Practice Book § 43-22 "embodies a common-law exception that permits the trial court to correct an illegal sentence or other illegal disposition." (Internal quotation marks omitted.) *State* v. *St. Louis*, supra, 146 Conn. App. 466. Accordingly, the defendant's reliance on *Reid* and *DeVivo*, neither of which involves a motion to correct an illegal sentence pursuant to Practice Book § 43-22, is misplaced.

The defendant's jurisdictional claim, like his double jeopardy claim, is premised on his attempt to partition his sentence between the legal and illegal portions. In support of this claim, he again argues that, because the lawful portion of his sentence "has been fully served," the court lacked jurisdiction to restructure and impose a new sentence. In part I of this opinion, we rejected the defendant's bifurcated view of his sentence and observed that the original total effective sentence had not expired at the time he was resentenced. Accordingly, we conclude that, once the defendant invoked the jurisdiction of the court by filing a motion to correct his sentence, the trial court had jurisdiction to resentence the defendant.

### III

The defendant's third claim on appeal is that the newly imposed sentence violated his due process rights under the federal and state constitutions when, "after the expiration of the lawful portion of his sentence, the court impose[d] a sentence calling for a more severe penalty on several counts." We disagree.

"[W]hen a case involving multiple convictions is remanded for resentencing, the trial court is limited by the confines of the original sentence in accordance with the aggregate package theory . . . . The guiding principle is that the court may resentence the defendant to achieve a rational, coherent [sentence] in light of the remaining convictions, as long as the revised total effective sentence does not exceed the original." (Citations omitted; internal quotation marks omitted.) *State* v. *Tabone*, supra, 292 Conn. 427–28; see also *State* v. *Crenshaw*, 172 Conn. App. 526, 530, 161 A.3d 638 ("[u]nder the aggregate package theory, when a multicount conviction is remanded after one or more of the convictions has been vacated on appeal, the trial court may increase individual sentences on the surviving counts as long as the original total effective sentence is not exceeded"), cert. denied, 326 Conn. 911, 165 A.3d 1252 (2017). "On appeal, [t]he determination of whether the defendant's new sentence exceeds his original sentence is a question of law over which . . . review is plenary." (Internal quotation marks omitted.) *State* v. *Wade*, 297 Conn. 262, 269, 998 A.2d 1114 (2010); see also *State* v. *Tabone*, supra, 292 Conn. 428.

The defendant argues the following in support of his claim that his new sentence is more severe: "In resentencing the defendant to a period of three years of incarceration, followed by eleven years of special parole for promoting a minor in an obscene performance, the court effectively increased that sentence from nine years to fourteen years. Likewise, in resentencing the defendant on each count of risk of injury to a minor from nine years of incarceration to three years of incarceration, followed by seven years of special parole, the court effectively increased the defendant's sentences from nine years each to ten years each. Finally, the defendant's sentence for cruelty to persons was increased from one year to five years of incarceration."

The primary authority relied on by the defendant in support of his due process claim, *State* v. *Pecor*, 179 Conn. App. 864, 877–78, 181 A.3d 584 (2018), does not advance his argument. In *Pecor*, the defendant pleaded guilty under the *Alford* doctrine to robbery in the second degree and was sentenced to two years of incarceration followed by eight years of special parole. Id., 867. The defendant filed a motion to correct an illegal sentence, and the court resentenced him on that single conviction to 2 years and 1 day of incarceration followed by 7 years and 364 days of special parole. Id., 868. No appeal was taken from the court's judgment. Approximately sixteen months following his resentencing, the defendant filed a second motion to correct an illegal sentence. Id., 869. The court determined that the second motion was an attempt to collaterally attack the prior judgment in which it had resentenced the defendant. Id., 870. The court dismissed the motion on the basis that it lacked subject matter jurisdiction. Id.

On appeal, this court in *Pecor* determined that the trial court improperly concluded that it lacked jurisdiction over the motion to correct. Id., 872–73. The defendant requested that this court address the merits of his motion to correct an illegal sentence and remand the case with direction to resentence him to the original sentence of two years of incarceration, which he had already served, and eliminate the special parole portion of the sentence. Id., 876. This court concluded that there existed an insufficient factual record to determine whether the defendant's due process rights were violated, and it remanded the matter for a hearing on the merits of the defendant's motion to correct an illegal sentence. Id., 878. This court in *Pecor* did not reach the merits of the defendant's claim that the court, in resentencing him, had violated his constitutional right against double jeopardy by sentencing him to an additional day of incarceration after he had completed his definite sentence of two years of incarceration. It did note, however, that it had "serious concerns about a purportedly corrective sentence that increased the

defendant's period of incarceration, even if only by one day." Id.

The facts of *Pecor* are distinguishable from the present case, in that the defendant in *Pecor* presented a claim that he had been resentenced to an *additional* day of incarceration following his release from custody. The relevant guidance from *Pecor* is this court's recognition of the principle that "a defendant's due process rights are not violated when the court corrects an illegal sentence, so long as the new sentence is not more severe than the original sentence." Id., 877–78. In the related context of claims of vindictiveness following resentencing, "[f]or purposes of evaluating whether a second sentence is more severe than an original sentence, [*North Carolina* v. *Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969)] and its progeny consistently equate a more severe sentence with either a longer term of imprisonment or a longer combined sentence." (Internal quotation marks omitted.) *State* v. *LaFleur*, supra, 156 Conn. App. 307.

The defendant in the present case was not subjected to a longer term of imprisonment or a longer combined sentence. Rather, he was resentenced to the same total effective sentence. Accordingly, we conclude that the defendant's resentencing did not violate his due process rights.

IV

Finally, we address the parties' agreement that the court's imposition of an eleven year period of special parole on the charge of promoting a minor in an obscene performance exceeds the ten year special parole limitation set forth in § 54-125e (c). Although this specific illegality was not identified in the defendant's principal brief on appeal, the state brought the issue to this court's attention in its brief. In the defendant's reply brief, he argues that "this court does have the authority to correct the second illegality based on the defendant's eleven year period of special parole for promoting a minor [in an obscene performance], which can only carry a ten year period of special parole." The issue was further discussed at oral argument before this court.

This court has previously stated that "[b]oth the trial court, and this court, on appeal, have the power, at any time, to correct a sentence that is illegal. . . . [T]he issue is one of law, and we afford it plenary review." (Internal quotation marks omitted.) *State* v. *Pecor*, supra, 179 Conn. App. 871. Section 54-125e (c) provides in relevant part that "[t]he period of special parole shall be not less than one year or more than ten years . . . ."[13] Although § 54-125e (c) contains several exceptions to the ten year special parole maximum, the state concedes that none is applicable to the present case and, therefore, that the court's imposition of an eleven year period of special parole is illegal. We agree with

the parties that the defendant's sentence violates § 54-125e (c) because the length of the term of special parole imposed on the charge of promoting a minor in an obscene performance exceeds the maximum term authorized under § 54-125e (c). See *State* v. *Brown*, 310 Conn. 693, 710, 80 A.3d 878 (2013) (concluding that, in enacting § 54-125e (c), legislature "clearly intended to provide the trial court with the authority to impose a sentence of up to ten years of special parole for each offense for which a defendant is convicted"). For that reason, the sentence imposed by the court as to that offense is illegal. See *State* v. *Tabone*, supra, 292 Conn. 426–27 (illegal sentence is one that exceeds relevant statutory maximum limits). Accordingly, we reverse the judgment of the trial court. We remand the case for resentencing in accordance with the aggregate package theory under *State* v. *Raucci*, supra, 21 Conn. App. 557, and *State* v. *Miranda*, supra, 260 Conn. 93. See *State* v. *Tabone*, supra, 292 Conn. 431.

The judgment is reversed and the case is remanded for resentencing according to law.

In this opinion the other judges concurred.

[1] The fifth amendment to the United States constitution provides in relevant part: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a [g]rand [j]ury . . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law . . . ." "Although the Connecticut constitution has no specific double jeopardy provision, we have held that the due process guarantees of article first, § 9, include protection against double jeopardy." (Internal quotation marks omitted.) *State* v. *Tabone*, 292 Conn. 417, 421 n.6, 973 A.2d 74 (2009). Article first, § 9, of the Connecticut constitution provides: "No person shall be arrested, detained or punished, except in cases clearly warranted by law."

[2] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *State* v. *Tabone*, 292 Conn. 417, 421 n.7, 973 A.2d 74 (2009).

[3] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[4] General Statutes (Rev. to 2001) § 53a-71 provides in relevant part: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person . . . .

"(b) Sexual assault in the second degree is a class C felony or, if the victim of the offense is under sixteen years of age, a class B felony, and any person found guilty under this section shall be sentenced to a term of imprisonment of which nine months of the sentence imposed may not be suspended or reduced by the court."

Although the transcript indicates that the trial court, in resentencing the defendant, referred to the offense of sexual assault in the second degree as a class D felony, the parties agree and the record reveals that the offense was a class B felony because the victim was under sixteen years of age. General Statutes § 53a-35a provides in relevant part: "For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and, unless the section of the general statutes that defines or

provides the penalty for the crime specifically provides otherwise, the term shall be fixed by the court as follows . . . (6) For a class B felony other than manslaughter in the first degree with a firearm under section 53a-55a, a term not less than one year nor more than twenty years . . . ."

[5] General Statutes § 54-128 (c) provides: "Any person who, during the service of a period of special parole imposed in accordance with subdivision (9) of subsection (b) of section 53a-28, has been returned to any institution of the Department of Correction for violation of such person's parole, may be retained in a correctional institution for a period equal to the unexpired portion of the period of special parole. *The total length of the term of incarceration and term of special parole combined shall not exceed the maximum sentence of incarceration authorized for the offense for which the person was convicted.*" (Emphasis added.) Although § 54-128 (c) was the subject of amendments in 2004; see Public Acts 2004, No. 04-234, § 8; Public Acts 2004, No. 04-257, §§84, 124; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[6] "Under the aggregate package theory, when a multicount conviction is remanded after one or more of the convictions have been vacated on appeal, the trial court may increase individual sentences on the surviving counts as long as the total effective sentence is not exceeded." *State* v. *Wade*, 297 Conn. 262, 268, 998 A.2d 1114 (2010).

[7] General Statutes § 54-125e (a) applies to "[a]ny person convicted of a crime committed on or after October 1, 1998, who received a definite sentence of more than two years followed by a period of special parole . . . ." Although § 54-125e (a) was the subject of amendments in 2004; see Public Acts 2004, No. 04-234, § 5; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[8] The defendant's double jeopardy claim also was brought pursuant to the protection afforded under our state constitution. "That protection is coextensive with that provided by the constitution of the United States." (Internal quotation marks omitted.) *State* v. *Adams*, 186 Conn. App. 84, 87 n.3, 198 A.3d 691 (2018).

[9] The trial court on remand concluded that "it could not impose special parole because the minimum ten year special parole period had been determined to be illegal by [our Supreme Court]. The trial court discussed probation as an alternate form of supervised release but expressed the concern that a violation of probation could expose the defendant to incarceration for the full term of his suspended sentence, even on the last day of probation, thereby enlarging his sentence, whereas a violation of special parole would have exposed him to incarceration only for the remainder of the special parole period. To address this concern, State's Attorney John A. Connelly submitted a written agreement to the court under which he committed that, if the court were to sentence the defendant to a term of probation instead of special parole and the defendant thereafter violated his probation, the state would seek incarceration only for the remainder of the probationary period, rather than the full term of the suspended sentence." *State* v. *Tabone*, supra, 292 Conn. 425. The court relied on this agreement in resentencing the defendant. Id., 425–26.

[10] The court explained: "Pursuant to § 54-128 (c), when a defendant violates special parole, he is subject to incarceration only for a period equal to the unexpired portion of the period of special parole. Thus, for a violation that occurs on the final day of the defendant's special parole term, the defendant would be exposed to one day of incarceration. Special parole, therefore, exposes a defendant to a decreasing period of incarceration as the term of special parole is served. On the other hand, when a defendant violates his probation, the court may revoke his probation, and if revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. . . . Accordingly, if the defendant in the present case were to violate his probation on the final day of his ten year term, he would be exposed to the full suspended sentence of ten years incarceration. Thus, in contrast to a term of special parole, the defendant is exposed to incarceration for the full length of the suspended sentence, with no decrease in exposure as the probationary period is served, for the entirety of the probationary period. We conclude, therefore, that the substitution of probation for special parole effectively has enlarged the defendant's sentence by exposing him to incarceration for an additional ten year period in violation of his due process rights." (Citation omitted; footnotes omitted; internal quotation marks omitted.) *State* v. *Tabone*, supra, 292 Conn. 429–30.

[11] The defendant argues that, because he had fully served his nine year term of incarceration for promoting a minor in an obscene performance, the new sentence of three years of incarceration followed by eleven years of special parole constitutes a second punishment. Similarly, with respect to both of his nine year terms of incarceration for the two charges of risk of injury to a child, he contends that the new sentence of three years of incarceration followed by seven years of special parole constitutes a second penalty. Lastly, with respect to his one year term of incarceration for cruelty to persons, he contends that the new sentence of five years of incarceration is a second punishment. Having rejected the defendant's argument that his "overall sentence ha[s] expired," we likewise reject the defendant's argument that the new sentences on the completed component parts of his total sentence violate double jeopardy. See *State* v. *Tabone*, supra, 292 Conn. 442.

In his reply brief, the defendant raises for the first time an argument that "[t]he longer periods of incarceration the defendant served for promoting a minor and the two counts of risk of injury affected his Department of Correction [department] classification, and, as a policy matter, may have impacted the functional length of his sentence. [Department] classification can affect location of confinement, security level for confinement, access to treatment and programs, employment within [the department], and impact overall length of incarceration due to factors such as suitability for community release, discretionary parole, and ability to earn risk reduction earned credits."

It is a well established principle that "arguments cannot be raised for the first time in a reply brief." (Internal quotation marks omitted.) *State* v. *Myers*, 178 Conn. App. 102, 106, 174 A.3d 197 (2017). Accordingly, we decline to address this argument. See *State* v. *Jarmon*, 195 Conn. App. 262, 277, 224 A.3d 163, cert. denied, 334 Conn. 925, 223 A.3d 379 (2020).

[12] The defendant briefly suggests that "[c]ourts similarly lack jurisdiction in the context of a habeas [action] once a sentence has been fully served." The state responds that, "[n]ot only does the defendant overlook that our state habeas corpus jurisprudence addresses a distinct avenue of collateral attack on convictions, but he fails to provide a supportive analysis as to the applicability of habeas case law to his claim on appeal from the ruling on a motion to correct an illegal sentence."

"We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Citation omitted; internal quotation marks omitted.) *State* v. *Buhl*, 321 Conn. 688, 724, 138 A.3d 868 (2016). The defendant wholly fails to analyze the relationship between the jurisdiction of a habeas court and the facts of the present case. Accordingly, we decline to review this issue.

[13] Although § 54-125e (c) was the subject of amendments in 2005, 2015, and 2019; see Public Acts 2005, No. 05-288, § 188; Public Acts 2015, No. 15-2, § 20; Public Acts 2019, No. 19-189, § 34; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.